# PARSONS *v.* ROBINSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF PENNSYLVANIA.

Submitted April 27, 1887. — Decided May 23, 1887.

Proceedings were commenced to foreclose a railroad mortgage in which the trustee of the mortgage, the railroad company, and others were respondents, and one bondholder originally, and another by intervention, were complainants. A decree was entered that the complainants were entitled to have a sale of the mortgaged property upon failure of the company to pay an amount to be fixed by reference to a master within a time to be named by the court, and an order of reference was made. The master reported, and a decree of foreclosure was entered in which the trustee was directed to sell the mortgaged property, "at such time and place and in such manner as the court may hereafter determine:" and a reference was ordered to a master to report the extent and amount of the prior liens on the mortgaged property, "full and detailed statements" of the property "subject to the lien of said general mortgage," and "what liens, if any, are upon the several properties" of the railroad company, "junior to said general mortgage and the order of their priority." *Held*, that this was not a final decree, which terminated the litigation between the parties on the merits of the case, and that the appeal must be dismissed.

MOTION to dismiss. The case is stated in the opinion of the court.

*Mr. Richard C. Dale* and *Mr. Samuel Dickson* for the motion.

*Mr. D. H. Chamberlain* and *Mr. F. A. Lewis* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a motion to dismiss an appeal, because the decree appealed from is not a final decree, and also because the value of the matter in dispute does not exceed five thousand dollars.

The suit was originally brought by William M. Robinson, the holder of general mortgage bonds, so called, of the Philadelphia

and Reading Railroad Company, to the amount of $5000, to foreclose the mortgage given for their security. Afterwards Edwin Parsons, the present appellant and the holder of $100,000 of the same issue of bonds, intervened by leave of the court, and became a party complainant in the suit.

On the 6th of October, 1886, a decree was entered, finding that the railroad company had made default in the payment of the interest, and that the complainants were "entitled to have a sale of the mortgaged premises, in accordance with the provisions in said mortgage contained, upon the failure of the defendant to pay, within a time to be hereafter fixed, the amount of the bonds and coupons now outstanding entitled to the security of the said mortgage," and for the purpose of finding this amount the cause was referred to masters to ascertain and report "the amount due upon the bonds, principal and interest, which are entitled to the security of said mortgage; and also to report what liens, if any, are prior to the bonds or to any and what bonds secured by said mortgage; and also to ascertain and report the extent of the lien of the said mortgage upon the railroad, branches, leasehold interests, franchises, and other property of the Philadelphia and Reading Railroad Company, including not only the property owned by said company at the time of the execution of said mortgage, but also that which has since been acquired."

Afterwards the masters filed their report, setting forth, 1, the amount due on the bonds entitled to the security of the general mortgage; 2, the liens which were prior to that mortgage; and, 3, by general description, the property covered. Exceptions were taken to this report, and, on consideration thereof, the court ordered, March 7, 1887, that the company pay, on or before June 7, 1887, the amount found due by the masters for interest, and also $1,694,250 for "general mortgage scrip," with interest from July 1, 1886, and, in default thereof, "that the defendants, The Philadelphia and Reading Railroad Company, Samuel W. Bell, trustee, The Pennsylvania Company for Insurances on Lives and Granting Annuities, trustees, and all persons claiming under them, be absolutely barred and foreclosed of and from all right and equity of redemption in and to

the premises in said mortgage described ; and, in default of such payment as aforesaid, the court do further order and decree the defendant, The Fidelity Insurance, Trust and Safe Deposit Company, trustee in said mortgage mentioned, to sell the railroads, estates, real and personal, corporate rights and franchises and premises in said mortgage mentioned, at such time and place and in such manner as the court may hereafter determine ; and it is further ordered, that this cause be referred to the masters heretofore appointed, with instructions to report to the court, on or before the 10th day of July, 1887, the extent and amount of all liens prior to said general mortgage upon the properties thereby covered, and also to report to the court full and detailed statements of the several properties, real and personal, of the Philadelphia and Reading Railroad Company subject to the lien of said general mortgage, in accordance with the principles stated in the report of the masters heretofore filed, and also to report what liens, if any, are upon the several properties of the said Philadelphia and Reading Railroad Company and the Philadelphia and Reading Iron and Coal Company junior to said general mortgage, and the order of their priority ; and it is further ordered, that said masters do prepare and report to the court an order of sale of said mortgaged properties, and form of advertisement therefor."

From that decree this appeal was taken by Parsons alone, and the first question we will consider is, whether it is a final decree within the meaning of that term as used in the statutes which provide for appeals to this court from the final decrees of the Circuit Courts in cases of equity jurisdiction.

That "a decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree for the purposes of an appeal" is no longer an open question in this court. *Grant* v. *Phœnix Insurance Co.*, 106 U. S. 429, 431, and cases there cited. Here, however, there is as yet no decree of sale. As was said in *Railroad Company* v. *Swasey*, 23 Wall. 405, 409, "to justify such a sale, without consent, the amount due upon the debt must be determined and the property to be sold ascertained and defined. Until this is done, the

rights of the parties are not all settled. Final process for the collection of money cannot issue until the amount to be paid or collected by the process, if not paid, has been adjudged. So, too, process for the sale of specific property cannot issue until the property to be sold has been judicially identified."

In this case the amount due upon the debt has been ascertained and its payment by a day certain ordered, but "the extent. and amount of all liens prior to said general mortgage upon the property thereby covered" have not been determined, and "full and detailed statements of the several properties . . . subject to the lien of said general mortgage" have not been furnished to the court. Neither has it been determined what "the order of sale of said mortgage properties" shall contain, nor what shall be the "form of the advertisement therefor." The court has, indeed, declared its intention of hereafter directing such a sale, but, as it requires further information to enable it to act understandingly in that behalf, has sent the case again to the masters with instructions to inquire and report upon the matters in doubt. All this is necessarily implied from the provision that the sale is to be "at such time and place and in such manner as the court may hereafter determine," coupled, as it is, with directions to the masters to "prepare and report to the court an order of sale of said mortgaged properties and form of advertisement therefor," together with a statement in detail of the property to be sold and its exact condition as to prior incumbrances. No order of sale can issue on this decree until these questions are settled and the court has given its authority in that behalf. Further judicial action must be had by the court before its ministerial officers can proceed to carry the decree into execution. Until the particulars of the prior liens are ascertained, the property identified, and the time, place, and manner of sale determined, the rights of the parties will not have been sufficiently settled to make it proper, in the opinion of the court, as expressed in its present decree, to direct that the sale go on. All these matters still remain for adjudication, and the decree, as it now stands, has not "terminated the litigation between the parties on the merits of the case." Conse-

quently it is not final. *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, and the cases there cited.

As the motion to dismiss must be granted on this ground, it is unnecessary to consider whether the amount in dispute is sufficient to give us jurisdiction.

*Dismissed.*