# CALIFORNIA NATIONAL BANK *v.* STATELER.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 87. Submitted May 4, 1898. — Decided October 17, 1898.

This case is dismissed because the judgment below was not a final judgment; the settled rule being that if a superior court makes a decree fixing the liability and rights of the parties, and refers the case to a master or subordinate court for a judicial purpose, such, for instance, as a statement of account upon which a further decree is to be entered, the decree is not final.

THIS was an intervening petition by Stateler in the case just decided, of the *California National Bank* v. *Thomas* (*ante*, 441), to obtain the possession of the sum of $27,500 paid to the plaintiff Chetwood by the defendants Thompson and Wilson in the settlement of the suit of Chetwood against them as co-defendants with Thomas.

Pending the insolvency and winding-up proceedings of the California National Bank, and subsequent to the appointment of a receiver by the Comptroller of the Currency, the petitioner Stateler was elected "agent" by the stockholders pursuant to the act of Congress of August 3, 1892, c. 360, 27 Stat. 345. As this act provided that the person so elected agent "shall hold, control and dispose of the assets and property of such association which he may receive under the terms hereof, for the benefit of the shareholders of such association," Stateler applied by affidavit to the Superior Court of the city and county of San Francisco, in which the Chetwood action was then pending, for an order upon the plaintiff Chetwood to appear and show cause why the moneys collected of Thompson and Wilson, as well as certain stock and other securities, should not be turned over to the affiant as such agent.

The motion was opposed upon the ground that of the whole number of 2000 shares, 1020 shares only were voted to elect Stateler as agent of the bank, and that they were either owned or controlled by Richard P. Thomas, the former president, against whom there was a judgment outstanding in

favor of the stockholders in the amount of $139,419, besides an unpaid assessment of $20,000, levied upon him as a stockholder by the Comptroller of the Currency.

Upon affidavits read at the hearing of the motion the court denied the order prayed for, whereupon Stateler appealed to the Supreme Court of the State. That court held that the regularity of the appointment of the agent could not be questioned in a proceeding of this kind, inasmuch as it had been approved by the Comptroller of the Currency, and that the agent's demand to have the money paid over to him should have been granted. The court thereupon reversed the order "with directions to the trial court to enter the order prayed for, after making reasonable allowance to the plaintiff Chetwood for his costs, disbursements and attorney's fees in said action as contemplated by law." An application for a hearing *in banc* was made and denied by the Supreme Court, whereupon the bank and Chetwood, as representative stockholder, and the party upon whom the order was made, sued out a writ of error from this court, which the defendants in error moved to dismiss.

*Mr. William M. Pierson, Mr. Robert Brent Mitchell* and *Mr. Robert A. Friedrich* for the motion.

*Mr. Robert Rae* and *Mr. E. G. Knapp* opposing.

Mr. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

Motion is made to dismiss this writ of error upon the ground that no Federal question is involved in the case.

Without, however, expressing an opinion upon this, we think the case will have to be dismissed upon the ground that the order appealed from is not a final order within the decisions of this court. The affidavit of Stateler, which is the basis of this proceeding, sets forth not only the payment of $27,500 in cash by Thompson and Wilson, but avers upon information and belief that there was also transferred to the

plaintiff, by said defendants, a large block of stock belonging to them in the California National Bank, which is the property of its stockholders, and the prayer is for an order turning over to the petitioner the moneys above mentioned and " all stock and other securities of every sort, nature and description, received by him from defendants Thompson and Wilson in this action."

While the opinion of the court deals only with the moneys paid by Thompson and Wilson, the order appealed from directs the trial court to *enter the order prayed for* " after making reasonable allowances to the plaintiff Chetwood for his costs, disbursements and attorney's fees in said action as contemplated by law." This order lacks finality in two particulars. It would still be competent to prove that Chetwood had received the block of stock set up in Stateler's affidavit, and it would certainly be necessary for Chetwood to prove up his costs, disbursements and attorney's fees before the amount for which he is ultimately made liable could be ascertained.

The settled rule is that if a superior court makes a decree fixing the liability and rights of the parties, and refers the case to a master or subordinate court for a judicial purpose, such, for instance, as a statement of account upon which a further decree is to be entered, the decree is not final. *Craighead* v. *Wilson*, 18 How. 199; *Beebe* v. *Russell*, 19 How. 283; *Keystone Manganese & Iron Co.* v. *Martin*, 132 U. S. 91; *Lodge* v. *Twell*, 135 U. S. 232; *McGourkey* v. *Toledo and Ohio Central Railway*, 146 U. S. 536; *Union Mutual Life Ins. Co.* v. *Kirchoff*, 160 U. S. 374; *Hollander* v. *Fechheimer*, 162 U. S. 326.

*The writ of error is, therefore, dismissed.*