MERCANTILE TRUST CO. OF NEW YORK v. CHICAGO, P. & ST. L. RY. CO. et al. (WHEELER, Intervener).

(Circuit Court of Appeals, Seventh Circuit. April 14, 1903.)

No. 918.

1. APPEAL—APPEALABLE ORDERS—FINAL OR INTERLOCUTORY DECREE.

A decree on an intervening petition against a receiver, directing him to deliver certain property to the petitioner, or, in default, to account for its value, and also to pay the value of its use or rental while used by him, and which refers the matter to a master to determine and report the value of the property and its rental, and to state an account between the parties, expressly stating that it is interlocutory, is not a final decree, from which an appeal lies.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

On September 21, 1893, the Mercantile Trust Company of New York filed its bill in the court below to foreclose a mortgage upon the Chicago, Peoria & St. Louis Railway, the line of railway extending from Peoria to Jacksonville, whereupon the court appointed C. H. Bosworth and E. Ellery Anderson receivers, the latter of whom has since departed this life. By the order of appointment the court placed in the hands of its receivers various railways not embraced in the complainant's mortgage, but which had been operated in

---

¶ 1. What decrees are final, see note to Brush Electric Co. v. Electric Imp. Co., 2 C. C. A. 379.

connection with the Chicago, Peoria & St. Louis Railway under one management, in the name of the "Jacksonville Southeastern Line." The complainant claimed no lien upon these railways and the owners of them were not parties to the bill. One of the lines of railway so embraced in the order was the Jacksonville, Louisville & St. Louis Railway, of which Mr. Samuel P. Wheeler was, on December 9, 1893, appointed receiver under a bill filed in the court below to foreclose a mortgage upon that road. Pursuant to the order of appointment Bosworth and Anderson, receivers, took possession of the various lines of railway, property, and equipment of the Jacksonville, Louisville & St. Louis Railway Company and of the other "constituent companies," so called, as well as of the Chicago, Peoria & St. Louis Railway, and operated them until December 5, 1893, when, upon petition of the Jacksonville, Louisville & St. Louis Railway Company, the court ordered its receivers, Bosworth and Anderson, to restore to that company its road and appurtenances, rolling stock, and property, and that its receivers account under the direction of a master as to all moneys, properties, effects, and credits coming into their hands from that railway. The railway was not delivered, for some reason, under the order of December 5, 1893, until May, 1894, until which time Bosworth and Anderson operated the road and its property in connection with the Chicago, Peoria & St. Louis Railway. There was dispute as to certain rolling stock and property in the possession of Bosworth and Anderson, which Mr. Wheeler, as receiver, claimed to belong to the Jacksonville, Louisville & St. Louis Railway, but which right was denied. Thereupon, in May, 1896, Mr. Wheeler intervened by petition in the case of Mercantile Trust Company v. Chicago, Peoria & St. Louis Railway Company, alleging his right to the possession of one hundred box cars and two coal cars, and also claiming the value of certain materials and supplies, taken possession of by the receivers of the Chicago, Peoria & St. Louis Railway Company, and of property destroyed, aggregating, exclusive of the cars, $17,704.52, and asking that the receivers of the Chicago, Peoria & St. Louis Railway Company be directed to deliver the property to him, where the same could be returned, and to account for the earnings and use thereof, and for any depreciation in value, and where the same could not be returned, by reason of its destruction or otherwise, that the receivers be decreed to pay to him the value thereof, and for an accounting, etc. Upon issue joined the matter was referred to a master, who reported May 17, 1900, that Mr. Wheeler, as receiver, was entitled to the possession of the one hundred box cars and the two coal cars, which should have been delivered to him by Bosworth, receiver, in May, 1894. As to the other items the report was inconclusive, but it is not necessary here to particularize.

In February, 1902, the court entered a decree as follows: "It is ordered, adjudged, and decreed by the court that the exceptions of the respondents filed herein, and each and every of them, be, and the same are hereby, overruled, and the report of said master be, and the.same is, in all things and respects confirmed, save and except so much of said report as refers, without recommendation, to the 'equities of the account between the various railroads and the firm of T. J. Hook & Co. and Dunn Brothers,' as to all which matters the present order of the court is without prejudice to the right of the parties herein as may have existed at the time of the appointment of Receivers Anderson and Bosworth on September 21, A. D. 1893. It is further ordered, adjudged, and decreed by the court that respondent C. H. Bosworth, receiver of the Chicago, Peoria & St. Louis Railway Company, forthwith deliver or cause to be delivered to Samuel P. Wheeler, receiver of the Jacksonville, Louisville & St. Louis Railway Company, at Jacksonville, Illinois, the following property wrongfully withheld, namely: One hundred box cars, manufactured by the Litchfield Car & Machine Company, lessee's number 150 to 350, even numbers only, builder's numbers 13233 to 13334, both inclusive, originally lettered 'J. S. E.'; also, two certain coal cars, numbered 33 and 35; also, one lot of uninjured coal cars, numbered 33 and 35; also, one lot of uninjured parts and scrap of locomotive engine No. 3; also, one certain bolt cutter of the value of $150.00; one certain wheel lathe or borer of the value of $1,500.00, and one certain machine lathe of the value of $350.00 in condition in which the same was on the 17th day of May, A. D. 1894—and,

in default thereof, that he account to said Samuel P. Wheeler, receiver as aforesaid, for the fair value of said property at the date last aforesaid, and that he also account to said Wheeler, as receiver as aforesaid, for the fair value of the use or rental of all said property from said 17th day of May, A. D. 1894, to the present time. It is further ordered by the court that all the foregoing decretal order is and shall be regarded and treated as interlocutory, awaiting a further report of the master as hereinafter provided. Forasmuch as said master has not in his said report found and reported the fair value of the said one hundred box cars, of the two coal cars, and of the uninjured parts and scrap of locomotive engine No. 3, nor the fair value of the use or rental of all said property, including the three machines aforementioned, for the time the same have been withheld from petitioner as aforesaid, and that the court may be advised in respect thereto, to the end that the rights and liabilities of the parties in respect of such values may be fixed and determined by the court, it is further ordered by the court that this cause be, and hereby is, referred to Walter Allen, Esq., one of the masters in chancery of this court, to take testimony as to such values and make report to the court without unnecessary delay."

From this decree Bosworth, receiver, and the Chicago, Peoria & St. Louis Railway Company, of Illinois, have appealed to this court, and a motion is now made to dismiss the appeal upon the ground that it was interlocutory, and not final.

Bluford Wilson and P. B. Warren, for appellants.

L. E. Gross, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It is often difficult to determine whether a decree is final or interlocutory; and for this reason, as is suggested in Forgay v. Conrad, 6 How. 201, 12 L. Ed. 404, care should be taken not to make what should be a mere interlocutory decree so operate as to be final and compel an immediate appeal before the actual termination of the litigation. In McGourkey v. Toledo & Ohio Central Railway Company, 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079, a review is had of the authorities upon the question of decrees final or interlocutory merely, and the conclusion is reached (1) that a decree is final, though the case be referred to a master to execute the decree; (2) that a decree in admiralty determining liability for collision or tort, or in equity establishing the validity of a patent, and with reference to a master to compute and report damages, is interlocutory merely. The general rule is stated as follows:

"It may be said, in general, that if the court make a decree fixing the rights and liabilities of the parties, and thereupon refer the case to a master for a ministerial purpose only, and no further proceedings in court are contemplated, the decree is final; but if it refer the case to him as a subordinate court and for a judicial purpose, as to state an account between the parties, upon which a further decree is to be entered, the decree is not final. Craighead v. Wilson, 18 How. 199 [15 L. Ed. 332]; Beebe v. Russell, 19 How. 283 [15 L. Ed. 668]. But even if an account be ordered taken, if such accounting be not asked for in the bill and be ordered simply in execution of the decree, and such decree be final as to all matters within the pleadings, it will still be regarded as final. Craighead v. Wilson, 18 How. 199 [15 L. Ed. 332]; Winthrop Iron Co. v. Meeker, 109 U. S. 180 [3 Sup. Ct. 111, 27 L. Ed. 898]."

This case has repeatedly been approved. Luxton v. North River Bridge Company, 147 U. S. 337, 341, 13 Sup. Ct. 356, 37 L. Ed.

194; Latta v. Kilbourn, 150 U. S. 524, 539, 14 Sup. Ct. 201, 37 L. Ed. 1169; California National Bank v. Stateler, 171 U. S. 447, 449, 19 Sup. Ct. 6, 43 L. Ed. 233; Southern Railway Co. v. Postal Telegraph-Cable Company, 179 U. S. 641, 643, 21 Sup. Ct. 249, 45 L. Ed. 355; Covington v. Covington First National Bank, 185 U. S. 270, 277, 22 Sup. Ct. 645, 46 L. Ed. 906.

The case of Forgay v. Conrad, supra, is chiefly relied upon to sustain this appeal. There it was ruled that:

"Where a decree decides the right to property, and directs it to be delivered up or sold, or a sum of money to be paid, and the complainant is entitled to have such decree carried into immediate execution, this is a final decree, from which an appeal lies."

This is a leading case and has been approved by the court. Thomson v. Dean, 7 Wall. 342, 19 L. Ed. 94. But, as suggested in the McGourkey Case, "the opinion was based largely upon the ground that the decree not only decided the title to the property in dispute, but awarded execution," and, further, that it had been generally treated as an exceptional one. The general rule is that a decree is not final unless, upon affirmance, nothing remains but to execute it (Grant v. Phœnix Insurance Co., 106 U. S. 429, 1 Sup. Ct. 414, 27 L. Ed. 237), and it must terminate the litigation between the parties on the merits of the case (Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73).

The decree in question is peculiar. It directs the delivery of the property forthwith, "in condition in which the same was on the 17th of May, 1894." We cannot fully appreciate that it could be expected that, after eight years of use upon a railway, box cars and coal cars should be returned in their condition at the commencement of such use. The decree further provides that, in default of delivery, the receiver having the property in possession should account to the receiver claiming the property for its fair value on the 17th of May, 1894, and for its use and rental from that date. We take it that the accounting for use or rental was irrespective of the fact of delivery or nondelivery of the property under the decree. This further peculiar provision is found in the decretal order, that it should be regarded and treated as interlocutory, awaiting a further report of the master directed by the decree. Of course, such statement is not conclusive, if the decree in fact determined finally the rights of the parties. Potter. v. Beal, 2 C. C. A. 60, 50 Fed. 860. But possibly it ought to be taken into account in case of doubt. The purpose of the intervening petition was not only to recover the possession of the property, but to ascertain an accounting with respect to the value of the use, and if possession could not be had, or if the property be deteriorated, for an accounting to determine and to recover for the value of the use and the value of the property, or the amount of its depreciation, a return being had. It will be observed that the case differs from that of Forgay v. Conrad in this: that here the prevailing party could not have execution of his decree. The decree is in the alternative, either to deliver or to account. In default of delivery, an accounting was directed, to be followed by a decree for the fair value of the property, so that it rested with the receiver in possession either to deliver the property or to ac-

count for its value, and in this connection the direction of the court that the decree be regarded as interlocutory is not without weight. It is not desirable to allow cases to be appealed piecemeal; and where, as here, it is evident that the court was unable to make a final decree, because of the failure of the master to report upon the value of the property and the amount for its use and rental, we are unable to construe the decree otherwise than as one indicating a tentative ruling upon the incomplete report before the court, and withholding final decree until the report should be completed. We think, therefore, that this decree was interlocutory, and that the appellant's rights will be fully preserved by appeal from the decree which may be rendered upon the accounting.

The appeal is dismissed.