# MEMORANDUM DECISIONS.

CONNOLLY v. BOUCK et al. (Circuit Court of Appeals, Eighth Circuit. May 9, 1908.) No. 2,498. Appeal from the Circuit Court of the United States for the District of Colorado. Hugh Butler, for appellant. H. Riddell, for appellees. Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

PER CURIAM. The appeal in this case is dismissed, upon the ground that the decree which it challenges is an interlocutory and not a final decree, upon the authority of Railway Company v. Simmons, 123 U. S. 52, 8 Sup. Ct. 58, 31 L. Ed. 73, Parsons v. Robinson, 122 U. S. 112, 7 Sup. Ct. 1153, 30 L. Ed. 1122, Chase v. Driver, 92 Fed. 780, 783, 784, 34 C. C. A. 668, 671, 672, and the cases there cited.

MITCHELL v. MITCHELL. (Circuit Court of Appeals, Fourth Circuit. May 28, 1908.) No. 702. Appeal from the District Court of the United States for the Eastern District of North Carolina at Raleigh. James H. Pou and P. S. Winston (Pou & Fuller and Winston & Mathews, on the briefs), for appellant. Murray Allen (Day & Bell and J. B. Martin, on the briefs), for appellee. Before PRITCHARD, Circuit Judge, and WADDILL and McDOWELL, District Judges.

PER CURIAM. The learned judge of the lower court, in determining this case, filed a full and comprehensive opinion, which will be found in 147 Fed. 280. The conclusions reached in that opinion, after careful examination of the record by us, are approved, and the judgment of the court affirmed.

NUNGESSER ELECTRIC BATTERY CO. v. NATIONAL CARBON CO. (Circuit Court of Appeals, Sixth Circuit. May 29, 1908.) No. 1,768. Appeal from the Circuit Court of the United States for the Northern District of Ohio. For opinion below, see 159 Fed. 157. Charles B. Miller, for appellant. E. L. Thurston, for appellee. Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is a suit which involves the alleged infringement of patent No. 641,546 for a battery filler. The defendant, who held patent No. 809,526, for a machine for filling dry batteries attacked the validity of the patent and denied any infringement. The court below reached the conclusion that the complainant's patent was not anticipated and was valid, and, after a careful opinion, in which the details of the two patents were compared, held there was infringement. It is unnecessary to recount the reasons given by the lower court. We content ourselves with affirming its decree on the authority of its opinion, which appears in the record.