### RAUER v. HATFIELD et al. (two cases).

(Circuit Court of Appeals, Ninth Circuit. January 7, 1924.)

No. 4091.

1. **Appeal and error ☞80(4)—Decree referring case to master held interlocutory and not appealable.**

A decree, in a suit by a trustee in bankruptcy, finding that the stock of a corporation held by defendants vested in the trustee and referring the case to a master for an accounting between defendants and the corporation, *held* interlocutory and not appealable until entry of final decree on report of the master.

2. **Fraudulent conveyances ☞298(1)—Transfer of business by an individual to a corporation of which he owned all the stock is not evidence of intent to defraud.**

The organization by an individual of a corporation, of which he owned all the stock, to take over and conduct his business, is not of itself evidence of an intent to hinder and defraud, nor is a pledge of the stock, whether valuable or not, as security to a bona fide creditor of the corporation.

3. **Bankruptcy ☞172—Stockholder may make valid pledge of stock to secure debt of corporation.**

A pledge of stock by the owner of all the stock of a corporation, more than four months prior to his bankruptcy, to secure a valid debt of the corporation, in the absence of fraud, was valid, and the pledgee cannot be required to surrender the stock to his trustee in bankruptcy and to forego his lien thereon because it was the pledgor's individual property.

4. **Equity ☞394—Court has discretion to fix compensation of master and direct by whom it shall be paid.**

Under Equity rule 68, the court may in its discretion fix the compensation of a master and direct by which party it shall be paid in the first instance, permitting him to recover it and his costs if he finally prevail.

Appeals from the District Court of the United States for the Third Division of the Northern District of California; William C. Van Fleet, Judge.

Suit in equity by George H. Hatfield, trustee in bankruptcy of A. E. Buckman, against J. J. Rauer and others. Decree for complainant, and defendant Rauer appeals. Reversed in part.

Cords, trustee in bankruptcy of A. E. Buckman, bankrupt, plaintiff below, appellee here, sued A. E. Buckman, J. J. Rauer, and three other individuals, and the Sunset Construction Company, a corporation, praying that the trustee be declared the owner of and entitled to possession of the shares and as-

sets of the Sunset Construction Company and that an alleged transfer of shares of the corporation from A. E. Buckman to the defendant Rauer, and from Rauer to defendant Meadows, be declared null and void, and that an accounting be had from the defendants of the assets and profits of the Sunset Construction Company since January, 1914, and for other relief.

The complaint alleges: That the Sunset Construction Company, organized in 1911 by Buckman, was a cover for his activities and to conceal the identity of Buckman; that Buckman owned all of the outstanding shares except two, issued for purposes of incorporation, and that he owned and managed the corporation for his sole benefit; that the corporation amounted to nothing more than putting in corporate form the capital and ability of Buckman as a general construction contractor; that in 1914 Buckman transferred to Rauer all of the capital stock in the corporation owned by Buckman; that the transfer was without consideration and was made in contemplation of insolvency and with intent to delay and defraud creditors; that thereafter in 1914 defendant Rauer transferred the shares to Meadows, and that the transfers from Buckman to Rauer and from Rauer to Meadows were without consideration and in the execution of a conspiracy between Buckman, Rauer, Meadows, and other defendants to hinder, delay, and defraud creditors of Buckman; that Meadows now holds the shares upon a secret trust for the benefit of the defendants Buckman, Rauer, and himself, and two other individuals, and that since 1914 they have been carrying on the corporation for the benefit of each of them; that the estate of Buckman is insufficient to pay the claims against it unless the shares of the capital stock of the Sunset Corporation and the assets of the corporation be considered part of the estate in bankruptcy.

Defendants denied all allegations of fraud, and alleged that on the 15th of January, 1914, the Sunset Construction Company owed Rauer $20,000 for moneys loaned by him to the company, and that for security Buckman pledged to Rauer 10,150 shares of the capital stock; that afterward in August, 1914, Rauer sold all of these shares to satisfy in part the debt, and that the stock was sold for $50 to one Wehrle, and thereafter Wehrle sold and transferred all the shares to the defendant Meadows, who now owns them. All the allegations of a secret trust are denied, and it is alleged that the Sunset Company has owed Rauer large sums which have at various times increased since March, 1911, and that when the complaint herein was filed, October, 1915, it owed him more than $34,000; that in June, 1914, the corporation gave to Wehrle a chattel mortgage covering all the personal property of the corporation to secure a note made in June, 1914, for $5,000, and to cover further advances; that the mortgage was made in good faith; that in June, 1914, Wehrle advanced to the corporation $10,000, which was secured by the chattel mortgage, and that the personal property mentioned in the mortgage was worth $5,000, and that the corporation had no other property at the time of the filing of the complaint than its book accounts and interest; that the shares of stock held by Meadows have no market value and had no market value at the time of the sale thereof by Rauer to foreclose the pledge; and that the company owed other creditors large sums and that there was a deficit of assets of over $41,000.

After hearing the court made what was entitled an "interlocutory decree," dated September 11, 1916, adjudging: (1) That Buckman up to February 19, 1915, was the owner of all of the issued capital stock of the Sunset Construction Company, and that on that day the stock vested in Cords as trustee of the estate of Buckman, bankrupt; (2) that Buckman up to February 9, 1915, was the owner of the Sunset Construction Company, a corporation, and on that day such property became vested in Cords as trustee of Buckman, bankrupt, and that such property should be held by the trustee pending account between the company and the defendants, Buckman, Rauer, and two others; (3) that Buckman, Rauer, and two others severally account for moneys received by them from, or advanced to, the Sunset Construction Company since December 12, 1911, whether such transactions were made in the names of third persons or in the names of defendants, for the purpose of determining what claims, if any, exist between the company and said person; (4) that for

the purpose of taking the accounting the cause be referred to a master to take and examine the account and report to the court. The master, after an elaborate examination of the accounts, made his report, finding that certain moneys were due from the defendant Rauer to the plaintiff trustee, but that there was nothing due from certain other defendants.

The court in its final decree, after overruling exceptions to the report of the master, confirmed the report, dismissed Buckman and two other individual defendants, and adjudged that certain moneys deposited in court in the matter of the bankruptcy of Buckman should be retained by the trustee and paid over to Rauer by a credit on a large amount found to be due by Rauer to the plaintiff as trustee. Judgment was rendered in favor of the trustee and against Rauer for $9,321.59 with interest, the amount decreed to have been collected and wrongfully retained by Rauer. The court found that the estate of Buckman, bankrupt, owed Rauer $15,044 and decreed that the claim of Rauer against the estate in that sum, less $3,701.60, should be paid to Rauer in due course of administration, provided Rauer filed a claim within 90 days after the finality of the decree. Rauer appealed.

The court also made an order fixing the compensation of the master at $1,800, and directed the payment of that sum by Rauer in the first instance within 20 days after notice of the order. From this order Rauer appealed. Thus there are two appeals for consideration.

H. M. Anthony, J. B. Zimdars, and Wm. Grant, all of San Francisco, Cal., for appellant.

Edwin H. Williams, of San Leandro, Cal., and Charles S. Wheeler, Jr., of San Francisco, Cal., for appellee Hatfield.

H. M. Wright, of San Francisco, Cal., in pro. per.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] The trustee has moved to dismiss the appeal of Rauer from the decree of September 11, 1916, on the ground that the decree was final and that no appeal therefrom was taken until November, 1922. True, in the provisions of that decree the court determined that after February 19, 1915, the ownership of the stock of the Sunset Construction Company vested in Cords as trustee of the estate of Buckman, bankrupt; but the court also ordered that Rauer and others account before the master for property and money received since December 12, 1911, for the purpose of determining "what claim, if any, exists between the company and said persons." The decree, therefore, went farther than merely to refer the case to a master for a ministerial purpose with no further proceedings in court being contemplated. The reference to the master was as to a subordinate court for judicial purpose as stated, especially that of determining what claims, if any, existed between the company and the persons named, and upon the master's report further decree was to be entered. Such a decree does not dispose of all the issues, and is not final or appealable. Section 128, Judicial Code (Comp. St. § 1120); California National Bank v. Stateler, 171 U. S. 447, 19 Sup. Ct. 6, 43 L. Ed. 233. Nor was it treated by the lower court as final, for no final decree was made until after the master made his report and exceptions thereto had been argued and considered. McGourkey v. Toledo & Ohio R. Co., 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079; Rumsey v. New York Life Ins. Co. (C. C. A.) 267 Fed. 554; Gay et al. v. Foeke (C. C. A.) 291 Fed.

721. It follows that Rauer is not limited by the provisions of the interlocutory decree. By his appeal from the final decree that he must pay certain sums to the trustee the whole case is properly before us.

The facts appear to be as follows: About 1910 Buckman was a contractor in San Francisco, and caused the Sunset Construction Company, a corporation, to be organized. He owned all of the stock, although not in his own name. The corporation, however, failed to pay its taxes and lost its franchise. In 1911 Buckman caused another corporation to be organized under the same name, Sunset Construction Company. All of the books and property of the Sunset Construction Company No. 1 were turned over to the Sunset Construction Company No. 2. No new certificates of stock were issued, it being agreed by the officers of the new company that the certificates of stock issued in the old company should stand and be evidence of ownership in the new company. Buckman owned all of the shares of the new company execpt two qualifying shares, and he was general manager with full power to act. In 1911 Rauer loaned money to the Sunset Construction Company, and at different times thereafter loaned it large additional sums until about October 27, 1915, the date the complaint herein was filed. In the course of the business of the company, Buckman, as general manager, gave notes to Rauer when he made advances and as further security made assignments to Rauer of the contracts and money payable under contracts for construction work held by the corporation. On January 15, 1914, the company owed Rauer about $20,000. Buckman then gave Rauer his note signed as an individual, and as security pledged to Rauer 10,150 shares of his capital stock in the company. The shares were evidenced by a certificate issued by the Sunset Company No. 1, there being, as before stated, no certificates issued by Sunset No. 2. At that time Rauer also held a chattel mortgage on the personal property of the corporation, the mortgage having been made by Buckman, general manager, to one Wehrle, a relative of Rauer. There is no evidence that Rauer knew of the agreement that the certificates of stock of the old corporation should be evidence of the ownership of shares in the new company, or that at the time he took the pledge note he had knowledge of the internal arrangements between the two Sunset Companies. Apparently, in the best of faith he dealt with the company. To secure the debt he had a right to take the securities he held and upon default to proceed to enforce collection of his notes. He was therefore clearly within his legal rights when, guided by advice of counsel, on August 12, 1914, he sold the pledged corporation stock. The sale was regularly held after notice. The shares sold for $50 to Wehrle, who in turn transferred the stock to Meadows, a defendant herein, who died in 1920. When the stock was sold, the corporation had no assets of value; the stock was practically valueless. The company was heavily in debt to Rauer, and even though he was a pressing creditor, there is nothing whatever tending to show fraud or collusion on his part with Buckman.

[2] It is clear that on February 19, 1915, when Buckman filed his petition in bankruptcy, the corporation owed Rauer over $18,000, and

thereafter, by reason of the further advances made by Rauer, it owed him a very much larger sum. There is not sufficient ground for holding that Buckman was guilty of wrong or had any unlawful purpose in organizing the first or second Sunset corporation. The mere fact that he owned all of the stock is not evidence of intent to hinder and defraud. No decision can be predicated upon the ground that the transfer of the shares and the delivery of the certificate by Buckman to Rauer, who was a bona fide creditor, was made with intent to hinder or delay or defraud the creditors of Buckman. The fact that the shares had no value does not affect the validity of the transaction. No finding of fraud in connection with the organization of the Sunset Company No. 2 could stand. It was a corporation. Clark on Cal. Corps. p. 64.

[3] The final decree does not find that the pledge made was fraudulent, but proceeds upon the theory that the pledged stock belonged to Buckman as an individual and therefore passed to the trustee in bankruptcy when Buckman was declared bankrupt in February, 1915, and that the trustee should be regarded as the owner of the shares. But in the absence of fraud of any kind, there being a valid debt for which the stock could have been lawfully pledged and Rauer having acted in good faith, he cannot be deprived of the right to foreclose the pledge or to claim that the debt for which the stock was pledged should be awarded priority as against any claims of the trustee.

The appellee also says that Rauer could not complain of a ruling to the effect that title to the stock in the corporation was in Buckman's trustee and argues that Meadows, purchaser of the stock, has not appealed from the decree. Meadows, however, could not appeal from the interlocutory order, and it appears he died in August, 1920, before final decree in the case was made, and that no administration of his estate has been had. But as it is clear that the shares of stock were pledged, in no event would the trustee be entitled to be regarded as the successor of the pledgor without recognizing the rights of the pledgee or of the owner. The accounting ignoring the pledge was fundamentally inaccurate.

[4] We turn now to Rauer's appeal from the order of the District Court, fixing the special master's compensation. Equity Rule No. 68 provides that the compensation of a master shall be fixed by the District Court in its discretion, having regard for all circumstances of the case, and compensation shall be charged upon and borne by such of the parties in the cause as the court shall direct. The master had no interest in the cause except to arrive at an accurate result and, in an earnest effort to understand and obey the provisions of the interlocutory decree, made a careful and detailed examination of the books and papers. He has received no money for his services. It is our opinion that the order of the District Court, in so far as it requires the payment of the master's compensation to be paid by Rauer in the first instance, must be upheld. In recovering his costs Rauer may include the sums which he was directed to pay and must pay the master.

The decree of the District Court with respect to the appeal of Rauer from the final decree in favor of the trustee adopting the master's re-

port upon the accounting is reversed, and the cause is remanded, with directions to proceed as indicated in this opinion, and dismiss the complaint.

The appeal from the order of the District Court fixing the compensation of the special master for his services is affirmed.