**DODGE MFG. CO. et al. v. PATTEN.**

**No. 4314.**

Circuit Court of Appeals, Seventh Circuit.
Sept. 30, 1930.

See also 23 F.(2d) 852.

·A. Trevor Jones, of Chicago, Ill., of appellants.

William J. Peck, of Peoria, Ill., for appellee.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This action is designated by appellee, who was plaintiff below, as a bill in equity. The decree which the District Court entered, and from which this appeal is attempted to be prosecuted, is as follows:

"This cause coming on to be heard in open court on February 25, 1929 before Thomas W. Slick, Judge of said court, upon the pleadings and proofs presented by the parties, both parties being represented by counsel who have presented their arguments, and the court having taken the cause under consideration and being now fully advised in the premises, finds:

"1. That the contract entered into on January 19, 1916, by and between plaintiff and the National Steel Pulley Company, party of the first part, and the Oneida Steel Pulley Company, a corporation, party of the second part, is a good and valid contract.

"2. That the defendants are the successors in interest and obligation to the Oneida Steel Pulley Company under the said contract.

"3. That the defendants have breached the terms and provisions of the said contract as set forth in the Bill of Complaint herein.

"4. That the plaintiff is entitled to recover on the Bill of Complaint according to the prayer thereof.

"It is therefore Ordered,· Adjudged and Decreed,

"That the defendant and or each of them, and or each and any of their subsidiary companies, be and they are hereby required to render a full, true and accurate account of all 'National' pulleys or other pulleys of the same or similar construction and of diameters of three, four, five and six inches, manufactured by or for them or either of them, or by others with their license and authority, and to pay to the plaintiff such sum or sums of money as such accounting shows due to the plaintiff at the rate provided in said contract, together with interest thereon at the rate of six per cent. per annum from the time said amounts became due.

"That the defendants and or each of them, and successors and assigns, be and they are hereby ordered to continue to pay to the plaintiff ten cents for each 'National' pulley or each pulley of the same or similar construction during the balance of the time said contract is or remains in force.

"That the defendant pay to the plaintiff such sum or sums as will reimburse the plaintiff for all damages suffered by the plaintiff by reason of the breach of the above contract.

"That the defendants and or each of them be required to pay all of the costs of this suit.

"That this case be referred to Alfred E. Martin as Master in Chancery of this Court, residing in the City of South Bend, County of St. Joseph, in the South Bend Division of the United States District Court for the Northern District of Indiana, to ascertain and take, and state, and report to this court an account of the various amounts due to the plaintiff herein in accordance with this De-

cree. The fees and expenses of such Master when approved by the court, to be paid the defendants.

"That the complainant on such accounting have the right to cause an examination of the books, records, data, agents, servants, workmen, or other witnesses as may be necessary or advisable in the taking of said accounting, and to cause the production of such books, records, data, and witnesses before said Master from time to time as such Master shall direct.

"That the plaintiff have judgment and execution against the defendants and the property of the defendants for such amount or amounts as the Master's report shall show is due to the plaintiff, provided said Master's report is approved by this court.

"It is so ordered."

A Circuit Court of Appeals is bound to inquire as to its own jurisdiction of a·cause brought before it by appeal, even tho the question is not raised by the parties. Kansas City Southern Railway Company v. Prunty (C.·C. A.) 133 F. 13; Security Mutual Life Insurance Company v. Harwood (C. C. A.) 16 F.(2d)·250; Equitable Life Assurance Society of U. S. v. Rayl (C. C. A.) 16 F.(2d) 68.

Where the reference to the master is for the determination by an account of the amount which the defendant is to pay, though the court has decided that the defendant is liable, the decree does not determine the extent of the plaintiff's rights and it is not final. Barnard et al. v. Gibson, 48 U. S. (7 How.) 650, 12 L. Ed. 857; Parsons v. Robinson, 122 U. S. 112, 7 S. Ct. 1153, 30 L. Ed. 1122; Lodge v. Twell, 135 U. S. 232, 10 S. Ct. 745, 34 L. Ed. 153; Latta v. Kilbourn, 150 U. S. 524, 14 S. Ct. 201, 37 L. Ed. 1169; California National Bank v. Stateler, 171 U. S. 447, 19 S. Ct. 6, 43 L. Ed. 233; Southern Railway Company v. Postal Telegraph-Cable Company, 179 U. S. 641, 21 S. Ct. 249, 45 L. Ed. 355; Macfarland v. Brown, 187 U. S. 239, 23 S. Ct. 105, 47 L. Ed. 159; Rexford v. Brunswick-Balke-Collender Company, 228 U. S. 339, 33 S. Ct. 515, 57 L. Ed. 864; Mercantile Trust Co. of New York v. Chicago, Pittsburgh & St. Louis Railway Co. (C. C. A.) 123 F. 389; Steel & Tube Co. of America v. Dingess Rum Coal Co. (C. C. A.) 3 F.(2d) 805.

The appellate jurisdiction of Circuit Courts of Appeals is wholly statutory, Emlenton Refining Company v. Chambers (C. C. A.) 14 F.(2d) 104; and they have no authority to review by appeal any decision of the District Courts which is not a final decision, subject to certain exceptions which have no bearing on this case, 28 USCA § 225.

The decree entered by the District Court in the instant case is not a final decision as contemplated by the statute, and hence there is no right of appeal from it. The appeal is dismissed, and the costs thereof are decreed against the appellants.