## LEIMER v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS.

No. 11540.

Circuit Court of Appeals, Eighth Circuit.

Oct. 28, 1939.

Rehearing Granted Nov. 22, 1939.

See 107 F.2d 1003

Walter A. Leimer, of Kansas City, Mo., for appellant.

Richard S. Righter and Horace F. Blackwell, Jr., both of Kansas City, Mo., for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

The appellant, who was one of two defendants in the court below, has moved this Court for an order (1) remanding this case for a new trial on the ground that she is unable to procure a complete record because of the total and permanent disability of the court reporter who reported the trial, or (2) remanding the case with leave to file in the court below a bill in the nature of a bill of review, for the purpose of setting aside the decree appealed from and procuring a new trial from that court on the ground that she was prevented from having a fair trial because of fraudulent collusion between the appellee, its counsel and the daughter of the appellant, who was her co-defendant.

The appellee has moved to dismiss the appeal for failure of the appellant to file her record within the time prescribed by the Rules of Civil Procedure for the District Courts of the United States and the Rules of this Court.

The jurisdiction of this Court being purely statutory (Emlenton Refining Co. v. Chambers, 3 Cir., 14 F.2d 104, 105; Dodge Mfg. Co. v. Patten, 7 Cir., 43 F.2d 472) and there being no statute authorizing it to grant a new trial upon the ground relied upon by the appellant, her motion for a new trial must be denied. The appellant's application for a new trial on account of her inability to procure a complete record, due to the incapacity of the court reporter to furnish a transcript, should have been made to the trial court prior to appeal.

The decree which has been appealed from and the effect of which the appellant seeks to avoid is not in any sense a decree of this Court, and her application to this Court for leave to file a bill in the nature of a bill of review in the court below is obviously premature.

794

In Obear-Nester Glass Co. v. Hartford-Empire Co., 8 Cir., 61 F.2d 31, 34, this Court said: "Where, however, the decree of the trial court has been appealed from and has been disposed of by the appellate court, either by affirmance or reversal, then the trial court may not entertain a bill of review, nor permit it to be filed without leave first granted by the appellate court, because after decision by the appellate court, the decree of the lower court becomes the decree of the appellate court."

In Omaha Electric Light & Power Co. v. City of Omaha, 8 Cir., 216 F. 848, 853, this Court said: *"After the decision on appeal* and the remanding of the case to the trial court, a bill of review may be filed on the ground of newly discovered evidence. In order to prevent a conflict of jurisdiction, however, it is necessary in such a case to first obtain the consent of the appellate court whose judgment is to be reviewed." [Italics supplied.] See, also, Hagerott v. Adams, 8 Cir., 61 F.2d 35.

Since this Court has entered no decree and issued no mandate in this case, it would be improper for it to grant leave to file in the court below a bill in the nature of a bill of review. So far as a remand of this case is concerned, the appellant can procure that at any time by dismissing her appeal.

■ The appellant took her appeal on April 20, 1939. She secured from the court below an order extending the time for filing her record to July 19, 1939. She did not file her complete record on or before that date. She filed a partial record on July 15, 1939. On August 8, 1939, upon an ex parte application, she procured an order of this Court purporting to extend the time for filing the complete record until November 1, 1939. The appellee argues that this Court was without jurisdiction to make the order, since the time to file had already expired when the order was made, and that its order was in violation of Rule 73(g) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Rule 27 of this Court, and Rule 11 of the Revised Rules of the Supreme Court, 28 U.S.C.A. following section 354.

Conceding that the order of this Court was not in compliance with the Rules referred to and that it should not have been made without notice to appellee, if at all, the fact remains that it was made and that at the time it was made this Court had jurisdiction of this appeal and some sort

of a partial record had been filed by the appellant within the time allowed by the lower court. Whether the appellant proposes to proceed upon the record already filed or to endeavor in some way to supplement that record, we do not know. Under the circumstances, the motion of the appellee to dismiss the appeal will be denied without prejudice to a renewal of the motion after the expiration of the time granted by this Court to the appellant to complete her record on appeal.

The motions of the appellant are denied. The motion of the appellee is also denied.