## LEIMER v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS.
### No. 11540.

Circuit Court of Appeals, Eighth Circuit.
Dec. 7, 1939.

1004

For former opinion, see 106 F.2d 793.

Walter A. Leimer, of Kansas City, Mo., for appellant.

Richard S. Righter and Horace F. Blackwell, Jr., both of Kansas City, Mo., for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

PER CURIAM.

On October 28, 1939, this Court denied the motion of the appellant to remand this case for a new trial made upon the ground that she was unable to complete her record on appeal due to the total and permanent disability of the court reporter who reported the trial in the court below. Leimer v. State Mutual Life Assur. Co., 8 Cir., 106 F.2d 793. Thereafter a rehearing of this motion was granted. The appellant also filed a motion for a further extension of time within which to complete the record on appeal, and a motion to transfer this case to the Supreme Court of the United States. The appellee renewed its motion to dismiss the appeal. All these matters were heard together. The appellant, upon the oral argument, withdrew her request for a further extension of time within which to complete her record. This Court being without authority to transfer this case to the Supreme Court, the only matters of substance submitted were the motion of appellant for an order remanding the case for a new trial and the motion of the appellee to dismiss the appeal. The record which the appellant has filed in this Court consists of the pleadings, the judgment, the notice of appeal, the appeal bond, and the order of the trial judge extending the time within which to file the record in this Court. The record fails to show that the appellant has ever served or filed a designation of the record, proceedings and evidence in the court below to be contained in the record on appeal, as required by Rule 75(a) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, and fails to show that she has ever served or filed a statement of the points upon which she intends to rely, as provided by Rule 75(d) of such Rules.

Rule 24(1) of the Rules of this Court, which became effective September 16, 1938, provides: "If a statement of points to be relied upon on appeal is not made part of the transcript (as required by section 75(d) of the Federal Rules of Civil Procedure), appellant shall, not later than 5 days after filing the transcript in this court, file a statement of such points, which shall set out separately and particularly each error asserted and intended to be urged." The appellant has not filed in this Court any statement of points to be relied upon, and the record which she has filed contains nothing which indicates that the trial court erred in any respect or that the appellant claims that it erred. It is now too late for her to supplement the record on appeal. Under the circumstances, the appellee is entitled to a dismissal of the appeal.

It is therefore unnecessary to decide whether this Court has or has not power to remand a case because of the inability of an appellant to procure a transcript of the testimony taken upon the trial. Our statement in the opinion filed on October 28, 1939, in this case, that this Court has no power to order a new trial upon the grounds urged by the appellant is withdrawn.

The appellant's motions are denied.

The appellee's motion to dismiss the appeal is granted, and it is dismissed.