In the Matter of the Application of ARTHUR D. FINCHAM, as Trustee in Bankruptcy of ROBERT D. L. B. COBHAM.

Supreme Court, Special Term, New York County, July 20, 1948.

*Sidney F. Strongin* for Arthur D. Fincham, as trustee in bankruptcy of Robert D. L. B. Cobham.

*David Hartfield, Jr.,* and *Lawrence B. Morris, Jr.,* for New York Trust Company, as trustee under the will of Evelyn S. T. L. Cobham, deceased.

WALTER, J. Evelyn Sinclair Turnure (Lady Cobham), a resident of New York, left a will by which she created a trust the income of which is payable to her husband, Robert Disney Leith, Baron Cobham. The will was probated in New York and New York Trust Company, a New York corporation, is the trustee thereunder. Baron Cobham has been adjudicated a bankrupt in the High Court of Justice in England, and the trustee in bankruptcy there appointed moved for an execution under section 684 of the Civil Practice Act to reach the income of such trust. New York Trust Company opposed. I granted the motion (*Matter of Fincham,* N. Y. L. J. June 11, 1948, p. 2206, col. 3). After changing attorneys, New York Trust Company applied for reargument, and such reargument has been had. Nothing called to my attention suggests that any different disposition should be made.

I assume, of course, that such an execution could not be founded upon a judgment rendered anywhere outside of New York. That is of no consequence. Bankruptcy generally is regarded as sufficient to dispense with the necessity for a judg-

ment as a basis for any proceeding to reach assets of the bankrupt (*Mitchell* v. *Mitchell,* 147 F. 280, affd. 160 F. 1022; *Thomas* v. *Roddy,* 122 App. Div. 851); and the United States Bankruptcy Act (U. S. Code, tit. 11, § 1) and the British Bankruptcy Act both give to trustees appointed thereunder the rights and status of a judgment creditor.

It would be incongruous to require a British trustee in bankruptcy to sue and get a judgment here as a condition precedent to any legal step to reach assets of the bankrupt located here. It might even be impossible, for whom would he sue?

Of course, the British Bankruptcy Act has no force or effect in this State *ex proprio vigore,* and even if it contain words purporting to give to a trustee appointed thereunder full and complete title to all the bankrupt's property wherever located, that still would not of itself (*ex proprio vigore*) vest him with title to property located beyond the limits of the sovereignty from which the authority of the statute is derived.

Both the British statute and the title to the bankrupt's property which the trustee acquires thereunder can have here only such force and effect as New York (subject to the Constitution of the United States) chooses to allow (*Koninklijke Lederfabrick* v. *Chase Nat. Bank,* 177 Misc. 186, 191, 192, and cases there cited). But the policy of New York is to allow the holder of a title to property acquired under foreign law to come here and enforce it unless such enforcement will do injustice to our citizens or otherwise conflict with our public policy (*Mabon* v. *Ongley Elec. Co.,* 156 N. Y. 196; *Stone* v. *Penn Yan, Keuka Park & Branchport Ry.,* 197 N. Y. 279; *Union Guardian Trust Co.* v. *Broadway Nat. Bank,* 138 Misc. 16, 18, 19; *Matter of Waite,* 99 N. Y. 433). No injustice to our citizens is suggested as a result of granting this motion, and no conflict with our public policy; and I thus perceive no reason why the motion should not be granted.

*Matter of Bowling Green Milling Co.* (36 F. Supp. 785) probably rests upon the fact that neither the property sought nor the claimant thereof was within the district where the trustee was there proceeding, rather than upon the fact that the trustee had been appointed in a district other than that in which he was proceeding. But even if that case rest upon that latter fact, it still is not pertinent here for the reason that while the United States Bankruptcy Act provides for the exercise of ancillary jurisdiction as between the different bankruptcy courts thereby created, it contains no provision under which a trustee appointed under the British Bankruptcy Act could obtain the appointment of a so-called ancillary trustee under the United States act

or in any court of the United States. That seems to me to mean that there is no such thing as ancillary jurisdiction in bankruptcy as between the United States and Great Britain.

Furthermore, in the case in which the Court of Appeals asserted most directly that "our courts uphold the title of a foreign assignee or receiver upon the principle of comity" (*Mabon* v. *Ongley Elec. Co.*, 156 N. Y. 196, 201, *supra*), the specific holding was that a foreign receiver cannot maintain a suit here for the appointment of an ancillary receiver. As a foreign receiver thus cannot obtain the appointment of an ancillary receiver here, I do not see how a foreign trustee in bankruptcy (e.g., a trustee appointed in Britain) could obtain the appointment of an ancillary trustee here.

Unless, therefore, the British appointed trustee can reach this income of the bankrupt by the means here sought, it would seem that there is no way he can reach it, unless the suggestion is merely that he should get it by a plenary suit against New York Trust Company rather than by motion; and there appears no reason at all why that more cumbersome and more expensive means of reaching the same result should be required.

The needlessly broad and rather cryptic statement in *Moscow Fire Ins. Co.* v. *Bank of New York & Trust Co.* (161 Misc. 903, 921) that foreign bankruptcy laws will not be enforced in New York is not supported by *Loucks* v. *Standard Oil Co.* (224 N. Y. 99, 112), which is the only authority cited in support of it; and if the statement were intended to mean more than is indicated by *Mabon* v. *Ongely Elec. Co.*, *Stone* v. *Penn Yan, Keuka Park & Branchport Ry.*, *Union Guardian Trust Co.* v. *Broadway Nat. Bank* and *Matter of Waite (supra)* (which I do not suppose is the fact) then the statement must be disregarded.

This trustee in bankruptcy is not here seeking to enforce an order or judgment of a British court. He is not even seeking to enforce the British Bankruptcy Act. He asserts a title to property of the bankrupt located here, and although the title he asserts is one which he got under a foreign statute, he is, in essence, a foreign assignee whose title it is our policy to uphold (*Mabon* v. *Ongley Elec. Co.*, 156 N. Y. 196, 201, *supra*). The trustee owns something and we help him to get it (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 110, *supra*).

The original decision granting the motion is consequently adhered to.