## THE BURCHARD.[1]

### DAVIS et al. v. THE BURCHARD.

*(District Court, S. D. Alabama. June 13, 1890.)*

SEAMEN—WAGES—JURISDICTION—TREATY WITH GERMANY.
So long as the relation of seaman to a German vessel is not terminated, the courts of the United States cannot entertain a libel for wages, and construe the contract of shipment, but under the treaty of December 11, 1871, with the German Empire, must remit the whole matter to the German consul for adjudication.

In Admiralty. On libel for seamen's wages.

The Burchard is a German vessel, and the crew were shipped at Buenos Ayres before the German consul. Upon the filing of the libel at Mobile, the German consul entered a protest, claiming jurisdiction of the matter under the treaty of December 11, 1871, now in force between the United States and Germany. Public Treaties, etc., 258.

*W. D. McKinstry*, for libelants.

*Thos. H. Smith*, for claimant.

TOULMIN, J. Under the allegations of the libel in this case, it appeared that libelants were American seamen, and had been discharged by the master at this port; and that, therefore, their relations to the vessel as a part of its crew had been severed. If this was true, I was inclined to the opinion that the court had jurisdiction to hear and adjudicate the question of wages. The testimony, however, fails to show that they were discharged by the master. On the contrary, it shows that libelants claimed their discharge at this port on the ground that, by the terms of their contract, they were entitled to their discharge. The master denied their claim, whereupon a dispute arose between them as to what was the contract. The master told them to go ashore if they wished, and go to see the consul. For this court to undertake to settle the dispute between the parties, and to determine the question of libelants' right to their discharge under the contract, and hence of their right to wages, would require a consideration and construction of the contract by the court, which, under the treaty, the court has not the jurisdiction to do. And while I may be of opinion, as I construe the shipping articles produced, that under them libelants are entitled to be discharged at this port, still the court has, as I have said, no jurisdiction so to adjudicate, but must remit the matter to the consul. *The Elwine Kreplin*, 9 Blatchf. 439. It is therefore ordered that the libel be dismissed.

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.