## THE MARIE, (DOMINICK DUPEE, Libelant.)

*(District Court, D. Oregon. February 11, 1892.)*

NORWEGIAN VESSEL—CREW OF—AMERICAN CITIZEN.
    Any person who, in pursuance of any arrangement or contract, for a long or a short period or voyage, is on board of a Norwegian vessel, aiding in her navigation, is a member of the crew of such vessel, within the purview of article 13 of the treaty of 1827 between the United States and the kingdom of Norway and Sweden, and the consul of that country has exclusive jurisdiction of any difference arising between him and the master of such vessel; and it matters not if such person is an American citizen, and shipped at an American port.

*(Syllabus by the Court.)*

In Admiralty. Suit by Dominick Dupee against the steam-ship Marie. Exceptions to the libel sustained.

*Mr. John Ditchburne*, for libelant.
*Mr. Edward N. Deady*, for claimant.

DEADY, J. This suit is brought by Dominick Dupee against the steam-ship Marie to recover a balance of $63.16 which he claims to be due him.

In the amended libel it is alleged that the libelant shipped at San Francisco on October 2, 1891, on board the steam-ship, as cook, at the monthly wages of $35 per month; that he signed articles written in the Norwegian language, which were not interpreted to him nor understood by him; that libelant is informed that said articles contain a stipulation

that the port of discharge should be some place in Great Britain, but the libelant had an agreement with the master that he should have the right to leave the vessel at any port at which she might touch; that the vessel sailed from San Francisco for Departure Bay, in British Columbia, where she arrived on February 2, when the libelant demanded of the master his discharge and wages, which the latter refused, when, as it is implied rather than stated, he left the vessel without permission; that his wages during this period amounted to $141.16, of which he has received $78, leaving a balance due him of $63.16, for which he prays a decree.

The claimant and master of the vessel, T. A. Schjott, excepts to the libel as follows:

The Marie is a Norwegian vessel, owned wholly by subjects of Norway and Sweden. That in and by the treaty between the United States and kingdom of Norway and Sweden all differences arising between the captains and crews of vessels belonging to the kingdom shall be settled by the consuls thereof, without the interference of the local authorities.

This treaty stipulation is contained in article 13 of the treaty of July 4, 1827. Pub. Treaties, p. 740.

Counsel for the defendant contends that an American citizen, shipping in an American port, with a right to leave the vessel at any port at which she may touch, is not within the purview of this treaty.

But it does not appear from the libel that the libelant is an American citizen. From his appearance in court, he is evidently a "colored" person of some nationality. However, it may be taken for granted he is an American citizen.

From an inspection of the articles, which have been exhibited to me, it appears they were signed by the libelant before the Swedish consul in San Francisco. They are a printed formula in the Norwegian language, with blanks filled with a pen, and at the bottom, in the same writing, there is a special clause in English, in these words: "This contract is binding for one year on the part of Dominick Dupee, or until the vessel reaches England." The signature of the libelant is immediately under this clause, and the master's also.

But this question must be disposed of upon the statement contained in the libel.

By the treaty the consuls of either nation have a right "to sit as judges and arbitrators in such differences as may arise between the captains and crews of the vessels belonging to the nation whose interests are committed to their charge, without the interference of the local authorities."

The words "crews of the vessels," as here used, include all of the ship's company,—all the seamen and officers, except the captain. Rap. & L. Law Dict. verb. "Crew;" U. S. v. Winn, 3 Sum. 209.

The crew of a vessel,—the ship's company,—in a general sense comprises all persons who, in pursuance of some contract or arrangement with the owner or master, are on board the same, aiding in the navigation thereof. It matters not whether the contract is verbal or in writing, or for a long or short voyage or period.

In this view of the matter, and taking the very improbable story of the libelant as to the terms of his shipment to be true, he was one of the crew of the Marie from the time he signed the articles in San Francisco until his arrival at Departure Bay. Here a "difference" arose between himself and the captain as to whether he was entitled to his discharge or not.

This is the very case provided for in the treaty, of which the consul is thereby made the "judge and arbitrator;" and this court, being a local authority, is prohibited from interfering with him. But it is contended that the treaty does not apply to an American citizen shipped at an American port on a Norwegian vessel, and, assuming that the libelant is such citizen, the consul has no jurisdiction and this court has.

In the case of *Ross* v. *McIntyre*, 140 U. S. 453, 11 Sup. Ct. Rep. 897, it was held that the petitioner, a British subject, who, while serving as a seaman on an American vessel, in the harbor of Yokohama, committed murder thereon, of which he was convicted by the consular tribunal for Japan, was an American seaman, and subject to the laws relating thereto.

Mr. Justice FIELD, speaking for the court, said:

"While he (Ross) was an enlisted seaman on the American vessel, which floated the American flag, he was, within the meaning of the statute and the treaty, an American, under the protection and subject to the laws of the United States equally with the seaman who was native born."

Of course, the doctrine of this case applies equally well to an American citizen who ships as a seaman on a foreign vessel. The libelant was for the time being a Norwegian, and owed obedience to the laws of Norway and Sweden.

The treaty of 1827 is a law of that kingdom, and by it the consuls of that country are given exclusive jurisdiction of all "differences"—controversies—between the captain and crew of a Norwegian vessel. This, in effect, forbids—disables—the libelant from resorting to any other tribunal for the settlement of such "difference." The treaty is also a law of the United States, and forbids this court from interfering in a case of a "difference" between the master and crew of a Norwegian vessel.

The libelant voluntarily assumed the obligations and restraints of a seaman upon a Norwegian vessel, and he must take the consequences.

The exception is sustained and the libel dismissed.