## THE WELHAVEN.[1]

### WILLIAMS v. THE WELHAVEN et al.

(District Court, S. D. Alabama. October 8, 1892.)

1. CONSTITUTIONAL LAW—CONFLICT OF TREATY AND STATUTE.
When an act of congress conflicts with a prior treaty, the act controls. Steamship Co. v. Hedden, 43 Fed. Rep. 17, followed.

2. TREATY WITH NORWAY—JURISDICTION OF CONSUL.
The Norwegian consul has by treaty exclusive jurisdiction to hear and determine complaints of ill treatment of seamen shipping from an American port for a voyage on a Norwegian vessel.

3. SAME—ADMIRALTY COURTS.
United States statutes conferring admiralty jurisdiction do not apply to claims of bad treatment suffered by an American serving as a seaman on a Norwegian vessel.

In Admiralty. Libel in rem and in personam.

Henry Williams, a citizen of the United States, filed a libel for damages and for wages against the Norwegian steamship Welhaven and her master, claiming that he shipped at Mobile for a round voyage to Tampico, and that on his arrival in Mobile bay, on the return trip, he was put ashore, manacled, and finally discharged at Mobile, without full pay. The Norwegian consul at Mobile, William H. Leinkauf, interposed by petition, setting out that this was a matter within his consular jurisdiction, and that he was engaged at the time the libel was filed in investigating the case.

Smith & Gaynor, for libelant.
Pillans, Torrey & Hanaw, for claimant and for Norwegian consul.

TOULMIN, District Judge. It has been held that, where an act of congress is in conflict with a prior treaty, the act must control, since it is of equal force with the treaty and of later date, (Steamship Co. v. Hedden, 43 Fed. Rep. 17;) hence the contention of libelant's counsel could be sustained if the statute which he invokes in this case (Rev. St. §§ 4079–4081) was in conflict with the treaty between the United States and Norway and Sweden, which must govern the action of the court in the matter under considera-

[1] Reported by Peter J. Hamilton, Esq., of the Mobile, Ala., bar.

tion, or if such statute had any application to the case at all. But my opinion is that it is neither; that it is not in conflict with the treaty; and that it has no application to a case of this character. The earnest desire of this court to afford to seamen every right and protection authorized by the law, and the sympathy I have with that class of people to which libelant belongs, strengthened by the able and impressive argument of his counsel, induced me to take for examination and careful consideration the matter and arguments submitted before a decision by the court denying the jurisdiction prayed for; but such consideration has only served to confirm the correctness of the decision of this court in the case of The Burchard, 42 Fed. Rep. 608, where it was held that the court had no jurisdiction in a case very similar to this one. In addition to that case, I cite, as sustaining the decision in this, The Salomoni, 29 Fed. Rep. 534; The Marie, 49 Fed. Rep. 286; The Elwine Kreplin, 9 Blatchf. 438; In re Ross, 140 U. S. 453, 11 Sup. Ct. Rep. 897. I am therefore constrained to sustain the exceptions to the libel, and to order that the libel be dismissed.