## GUARANTEE COMPANY *v.* MECHANICS' SAVINGS BANK AND TRUST COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 224. Argued March 16, 1899. — Decided April 8, 1899.

A Circuit Court of Appeals is without jurisdiction to review a decree of a Circuit Court when that decree, as in this case, was not a final one.

THE case is stated in the opinion.

*Mr. William L. Granbery* for the Guarantee Company. *Mr. Albert D. Marks* was on his brief.

*Mr. Edward H. East* for Savings Bank & Trust Co.

MR. JUSTICE HARLAN delivered the opinion of the court.

The plaintiff in this suit — originally brought in the Chancery Court at Nashville, Tennessee, and subsequently removed into the Circuit Court of the United States for the Middle District of Tennessee — is the Mechanics' Savings Bank and Trust Company, a Tennessee corporation suing to the use of James J. Prior, assignee, under a general assignment of all the assets, rights and credits of that company in trust for the benefit of creditors.

The principal defendant is the Guarantee Company of North America, a corporation created under the laws of the Dominion of Canada.

From January 16, 1888, to January 1, 1893, Schardt was

teller and collector and from the latter date until his death was cashier of the plaintiff company.

The object of the present suit is to have an accounting and a decree as to the amount due the plaintiff on two bonds executed by the Guarantee Company of North America to the Mechanics' Savings Bank and Trust Company; one, insuring the latter corporation against such pecuniary loss as it might sustain on account of the fraudulent acts of Schardt as teller and collecter; the other, insuring the same corporation against pecuniary loss by reason of fraudulent acts by him in his office of cashier.

The bill alleges that while acting as teller and collector of the plaintiff company Schardt fraudulently embezzled of its moneys the sum of $78,956.11, of which $50,856.77 was embezzled during the year ending January 1, 1893; and that during the period covered by the bond insuring his fidelity as cashier he fraudulently appropriated of the plaintiff's moneys the sum of $22,817.30.

The bill also alleged that a few days before his death Schardt assigned to the plaintiff company, as additional indemnity for the losses he had brought upon it, certain policies on his life amounting to $80,000; that upon those policies $20,000 had been collected, and the residue was in dispute; and that Schardt did not give any direction as to which of the bonds insuring his fidelity the insurance moneys when collected should be applied.

The Guarantee Company in its answer insisted that by reason of the violation of the terms and conditions upon which the bonds in question were issued it was not liable to the plaintiff in any sum.

By the decree in the Circuit Court it was adjudged that the amount embezzled by Schardt during the years 1890 and 1891 had been paid out of the assets and collections transferred by him to the bank just before his death; that his embezzlements from and after September 1, 1890, and up to January 1, 1893, amounted, principal and interest, to $52,736.17, while his embezzlements during his term as cashier amounted, principal and interest, to $23,128.69; and that the total amount, princi-

pal and interest, of all his embezzlements while occupying the two positions of teller and cashier, was $107,223.36.

The decree continued:

"It appearing that Schardt had assigned to the bank to indemnify it against loss, two lots of land assigned to J. B. Richardson and life insurance policies amounting to $80,000, some of which policies have been paid to the assignee without suit, and others are now in litigation in this court, or pending on appeal or writ of error to the appellate court of this circuit, held at Cincinnati, the court adjudges upon inspection of said guaranty bonds, their terms and various conditions, and the proof submitted, that the bank has complied with the same and all its undertakings thereunder, substantially; and that said Schardt embezzled and fraudulently appropriated the moneys of the bank while he filled said two positions, to the amounts named; and that interest should be calculated upon said sums from the end of his respective terms.

"The court, after considering the various and numerous defences set up by defendant company, why a recovery should not be had upon either of said bonds, or both, in favor of complainant, is pleased to disallow each and all of said defences, and to order, adjudge and decree that complainant have its decree or judgment against the defendant, the Guarantee Company, upon each of said bonds with interest from the time the same should have been paid according to the terms of said bonds, and for the costs.

"That complainant have judgment on the teller's and collector's bond for the sum of ten thousand dollars principal and the further sum of seven hundred and seventy dollars, being interest at six per cent from 9th of April, 1894, to July 1, 1895; and that complainant have judgment on the cashier's bond against defendant Guarantee Company for the sum of twenty thousand dollars principal and the further sum of $1540.00 interest thereon from April 9, 1894, to July 1, 1895, making in the aggregate of principal and interest on both bonds the sum of thirty-two thousand three hundred and ten dollars ($32,310.00) with interest thereon until paid, and the costs of this suit.

" And the court orders and decrees that the liability of the defendant, the Guarantee Company, is secondary to that of John Schardt's estate; and that the bank or its assignee shall account for all collections realized on assets or collaterals turned over to the bank by said Schardt to reimburse it against his shortage, which it has collected, or with due diligence may collect hereafter; and for his fitness, and for convenience, H. M. Doak is appointed master commissioner to report the same to the next term of this court; and the court orders that the same be applied to the shortage of said Schardt in the order in which the same occurred, and in the meantime no execution will issue against defendants for the same, but only for the costs; and the court orders that this cause may be continued upon the docket of this court, for the purpose only of making any orders necessary to apply all collections from the assets of Schardt, held as collateral, in exoneration, to that extent, of the defendant company and of substituting the defendant to the rights of the bank, in case the recovery herein is collected or paid and any of said assets remain above the amount necessary to satisfy the shortage. But the case is retained for no other purpose, and the decree against defendant company is final as fixing its liability on the bonds to make good the shortage, whatever that may be. This decree is entered in lieu of one entered at a former day of the term and the decree formerly entered is hereby vacated." 68 Fed. Rep. 459.

Upon appeal prosecuted by the Guarantee Company to the Circuit Court of Appeals the decree was affirmed. 54 U. S. App. 108. The case is here upon writ of certiorari.

The Circuit Court of Appeals was without jurisdiction to review the decree of the Circuit Court because that decree was not a final one. 26 Stat. 826, 828, c. 517, § 6. The Circuit Court disallowed all of the defences made by the Guarantee Company and adjudged that upon the showing made that company was primarily liable to the extent of the penalty of each bond, with interest. But the liability of the defendant company was held to be secondary to that of Schardt's estate which was in course of administration, and

the amount for which it could be held finally liable on execution was left to be ascertained by a master commissioner who was directed to take into account "all collections realized on assets or collaterals turned over to the bank by Schardt to reimburse it against his shortage," or which the bank "with due diligence may collect hereafter;" and the case was retained for the purpose of fixing the amount of this ultimate liability to make good Schardt's shortage, "whatever that may be." In effect, the Circuit Court only determined that none of the defences were good in law, and that the Guarantee Company was liable on its bonds for such sum as might thereafter be found to be due after crediting the amounts that might be realized from the assets turned over to the plaintiff bank by Schardt. Notwithstanding the company's defences were adjudged to be bad in law, it remained for the Circuit Court by proper orders to accomplish the object of the suit, namely, to ascertain the amount for which the plaintiff was entitled to judgment and execution. When that amount is judicially ascertained and fixed by a final decree, the adjudication of the cause will be completed for all the purposes of an appeal; and if the decree be affirmed the Circuit Court will then have nothing to do but to carry it into execution. *Railroad Co.* v. *Swasey*, 23 Wall. 405, 409; *Green* v. *Fisk*, 103 U. S. 518, 519; *Dainese* v. *Kendall*, 119 U. S. 53, 54; *Lodge* v. *Twell*, 135 U. S. 232, 235.

> *The decree of the Circuit Court of Appeals affirming the judgment of the Circuit Court is reversed for want of jurisdiction in the former court, and the cause is remanded with directions to dismiss the appeal prosecuted to that court, and for such further proceedings in the Circuit Court as may be consistent with law.*