## THE CAMBITSIS.

(District Court, E. D. Pennsylvania.   July 9, 1926.)

No. 133.

Seamen ⊝═►26—Jurisdiction of admiralty court of suit for wages by seaman against Greek vessel excluded by treaty (convention between Greece and United States, Nov. 19, 1902, art. 12; 33 Stat. 2122; Comp. St. §§ 8320, 8322).

Convention of Nov. 19, 1902, art. 12, between Greece and United States, excludes jurisdiction of an admiralty court of the United States of a suit for wages and penalty, under Comp. St. § 8320, by a German seaman against Greek vessel; half wages under section 8322, not being claimed in libel.

In Admiralty. Suit by Ludwig Carstensen against the steamship Cambitsis. On exceptions to libel. Exceptions sustained, and libel dismissed.

Carl G. Kirsch and Charles D. Smeltzer, both of Philadelphia, Pa., for libelant.

Biddle, Paul, Dawson & Yocum and Leslie C. Krusen, all of Philadelphia, Pa., for respondent.

THOMPSON, District Judge. The libelant is a German seaman and the Cambitsis is a Greek vessel. The libel sets out that Carstensen shipped as a fireman on board the ship at the port of São Francisco, Brazil, for foreign ports, at the rate of wages for the trip of £7.10s. per month; that the Cambitsis sailed to foreign ports, and returned to Philadelphia December 6, 1925, whereupon the libelant left the services of the ship, because the master refused to pay him all the wages due him, amounting to £42 for six months and three days services, which represent wages for the entire period of service, less advances, amounting to £3. The libelant claims the above sum, and in addition thereto two days' pay for every day during which payment is delayed beyond the period fixed by section 8320, Comp. Stat.

The master of the Cambitsis excepts to the libel, upon the ground that it does not set out a cause of action within the jurisdiction of the court, because, under the terms of the Convention of November 19, 1902 (33 Stat. 2122), between the United States and Greece the jurisdiction of the courts of the two nations is excluded in disputes such as arises in this case. The pertinent part of article 12 of the Convention reads as follows:

"Consuls general, consuls, vice consuls, and consular agents shall have exclusive charge of the internal order of the merchant vessels of their nation, and shall alone take cognizance of differences which may arise either at sea or in port between the captains, officers and crews, without exception, particularly in reference to the adjustment of wages and the execution of contracts. In case any disorder should happen on board of vessels of either party, in the territory or waters of the other, neither the federal, state or municipal authorities or courts in the United States, nor any court or authority in Greece, shall on any pretext interfere, except when the said disorders are of such a nature as to cause or to be likely to cause a breach of the peace or serious trouble in the port or on shore; or when, in such trouble or breach of the peace, a person or persons shall be implicated, not forming a part of the crew."

It is contended, however, on behalf of the libelant, that the libel should be sustained at least for half wages under the provisions of the Act of March 4, 1915, 38 Stat. 1165, section 8322, Comp. Stat., applying to seamen on foreign vessels while in harbors of the United States. But there is no claim in the libel for half wages, nor any averment of demand for half wages. The libel expressly

states that the libelant left the ship because the master refused to pay him all the wages due him, and it is not averred that his contract of employment for the voyage was carried out, or that the voyage for which he shipped was completed at the port of Philadelphia.

The exclusion of the jurisdiction of the court under the language of the Convention provides that the consular officers of the respective nations shall alone take cognizance over differences between the captains, officers, and crew, particularly in reference to the adjustment of wages, and no distinction is made between Greek seamen and other seamen upon Greek vessels. The want of jurisdiction is not subject to the discretion of the court, on the ground that the libelant is a German and not a Greek seaman. The Ester (D. C.) 190 F. 216.

The exceptions are sustained, and the libel dismissed.