**UNITED STATES ex rel. PHILIPS et al. v. BAILEY, Justice.**

Court of Appeals of District of Columbia. Submitted October 6, 1927. Decided November 7, 1927.

No. 1289.

Appeal and error ⬤⟿80(3)—Decree in action by United States to recover for alleged fraud, appointing auditor to take accounting, held not final and appealable.

In action by the United States against purchasers of surplus lumber to recover profits made through alleged fraud of government representative and others, decree holding certain defendants liable and appointing auditor for accounting and report *held* not final and appealable.

Petition by the United States, on the relation of John L. Philips and others, for a writ of mandamus to be directed against Jennings Bailey, Justice of the Supreme Court of the District of Columbia. Rule discharged.

Douglas, Obear & Douglas, of Washington, D. C., for petitioner.

Peyton Gordon, of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The relators pray for a writ of mandamus to be directed to the defendant as a justice of the Supreme Court of the District of Columbia, sitting in equity suit No. 41,042, wherein the relators are defendants, to compel the justice to fix the amount of an appeal bond for the appeal of the cause by them to this court.

The respondent in his return represents that the decree which relators seek to appeal from is not such a final decree as is appealable, in that the matters put in issue by the pleadings are not fully and finally disposed of thereby; that the cause is therein referred to an auditor for accounting and report, and continued for further judicial determination; and that the plaintiff therein has not been awarded judgment enforceable by execution.

It appears that the suit was brought in the lower court by the United States to recover judgment against the relators, who are defendants therein, claiming that on February 25, 1919, the United States entered into a written contract with defendants Philips and Stevens, agreeing to sell and deliver to them approximately 188,902,787 feet of surplus lumber, as specified in Schedule A of the contract; that base prices for the lumber should be fixed by agreement of duly appointed representatives of both parties, and that the price to be paid by the purchasers should be the base price less 12 per cent. thereof; that Philips and Stevens delivered to the United States their penal bond in the sum of $500,000, with the Fidelity & Deposit Company of Maryland as surety, conditioned for the faithful performance of the contract by them; that George M. Chambers, now deceased, was appointed as the representative of the United States to fix, from time to time, the base prices of the lumber to be sold, and that Chambers thereafter acted as such representative; but that, when making such appraisements, Chambers fraudulently and corruptly conspired with Philips and Stevens to defraud the United States, and corruptly and fraudulently appraised and fixed the base prices of the lumber greatly below the true value thereof, and that Philips and Stevens then fraudulently sold the same to the other defendants, who made secret payments of large sums of money to Philips, Stevens, and Chambers as profits; that defendants Frank T. Sullivan, Lee L. Herrell, Roland Perry, Gus Eitzen, Michell Touart, Jr., Charles Philips, Jr., the Eitzen-Touart Company, a corporation, and other persons to the plaintiff unknown, severally, well knowing the premises, purchased large quantities of the lumber from Philips and Stevens at the fraudulent prices fixed by Chambers, whereby the United States was defrauded of large sums of money, the exact amount of which was to the plaintiff unknown. Wherefore the United States prayed for a discovery and an accounting, and for judgment against the several defendants in the amounts thus fraudulently secured by them, and from the Fidelity & Deposit Company of Maryland in the amount of said penal bond, and for all further and general relief.

The cause was heard upon evidence, whereupon the court adjudged, ordered, and decreed in substance as follows:

(1) That Philips is liable to the United States for all profits received by him on account of the lumber thus sold by Philips and Stevens, together with interest from the time when they were received, and that such amounts constitute trust funds in the hands of Philips for the benefit of the United States, which amounts are specified in the decree, and consist of $4,500 collected by Philips from James I. M. Wilson on account of the sale of lumber to the Mueller Coal & Lumber Company, and other large sums similarly collected from other persons.

(2) That Philips and the executors of

George M. Chambers, deceased, are liable to the United States for all profits received by Chambers in collusion with Philips on account of lumber thus sold by Philips and Stevens, together with interest from the time when received, and that such amounts constitute trust funds in the hands of Philips and the executors of Chambers for the benefit of the United States, the amounts being specified in the decree, consisting of $5,800 collected by Chambers from Morris Rachlin, trading as the Union Lumber Company, and other large sums collected from other persons.

(3) That Philips and Sullivan are liable to the United States for all profits realized by Sullivan on the lumber thus sold to him by Philips and Stevens, together with interest from the time when they were received.

(4) That the executrix of Gus Eitzen, deceased, Michell A. Touart, Jr., and Charles Philips, Jr., are liable to the United States for the amounts thus collected on account of the sale of lumber to Gus Eitzen, Michell A. Touart, Jr., Charles Philips, Jr., and the Eitzen-Touart Company.

(5) That the defendants Perry and Herrell are liable to the United States with Philips for the amount thus collected by Philips on account of the sale of lumber to Lee L. Herrell.

(6) That the Fidelity & Deposit Company of Maryland is liable with Philips to the United States for the profits thus collected by Philips and Chambers, not exceeding the penal amount of the bond executed by the company. The question as to the liability of the Fidelity & Deposit Company of Maryland for the profits realized by Sullivan on lumber sold to him by Philips and Stevens is reserved for determination on final hearing.

(7) That the plaintiff is not entitled to recover from Stevens under the allegations of the bill and the bill is dismissed as to him.

(8) The court further ordered, adjudged, and decreed that the cause be referred to the auditor of the court to ascertain and represent to the court as follows: (a) Which of the amounts aforesaid were received or had reference to sales of such lumber as is included in Schedule A, attached to the contract aforesaid; (b) the dates on which the amounts collected as aforesaid were received by Philips and Chambers, respectively; (c) to compute the interest on the amounts aforesaid to the date of the decree; (d and e) the gross and net amount

of profits realized by Sullivan on the sale of the lumber purchased by him from Philips and Stevens to the date of the decree.

The defendants then regularly noted an appeal from the foregoing decree, and requested the court to fix the penalty of the bond to operate as a bond for costs, which request was refused, upon the ground that in the opinion of the court the decree is not a final one. The present case was then brought.

We agree with the opinion of the trial justice that the decree is not final, and therefore not appealable, for it does not dispose of the issues presented by the pleadings, but reserves various of them for subsequent judicial examination and decision. Among these is the final accounting, as prayed for in the petition, to ascertain the several amounts for which the respective defendants are liable. At present no execution can issue against any of the defendants, for the record does not disclose the amount of the liability of any defendant. The court has entered a partial finding of facts and conclusions to serve as a basis in ascertaining such amounts, but no final determination of them has yet been made.

We think the case is governed by Keystone Iron Co. v. Martin, 132 U. S. 91, 93, 10 S. Ct. 32, 33 L. Ed. 275, wherein the Supreme Court said:

"We think that the decree is not a final decree, and that this court has no jurisdiction of the appeal. The decree is not final, because it does not dispose of the entire controversy between the parties. The bill prays only for an injunction and an account of the quantity and value of the ore taken from the land by the defendant. The injunction is granted, but the account remains to be taken. The case is not one where nothing remains to be done by the court below except to execute ministerially its decree. In all cases like the one before us this court has uniformly held that the decree was not final and was not appealable."

See, also, cases therein cited, and McGourkey v. Toledo & C. C. R. R. Co., 146 U. S. 536, 13 S. Ct. 170, 36 L. Ed. 1079; Guarantee Co. v. Mechanics' Sav. Bank Co., 173 U. S. 582, 19 S. Ct. 551, 43 L. Ed. 818; Simmons Co. v. Grier, 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475; King v. Harrington, 35 App. D. C. 111.

The rule issued herein is accordingly discharged at the costs of the relators.