## THE TAIGEN MARU.

### VAN DER WEYDE v. OCEAN TRANSPORT CO., Limited, et al.

#### No. 7192.

Circuit Court of Appeals, Ninth Circuit.
Nov. 19, 1934.

Lord & Moulton and Wm. P. Lord, all of Portland, Or., for appellant.

Lane Summers, and Hayden, Merritt, Summers & Bucey, all of Seattle, Wash., for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

On April 18, 1931, appellant herein filed this libel in rem against the steamship Taigen Maru, her tackle, etc., based upon a claim for personal injuries alleged to have been suffered by him on May 16, 1922, while aboard the respondent vessel on the high seas. The appellant at the time of his alleged injuries was a subject of Her Majesty, the Queen of the Netherlands, and a member of the crew, under Norwegian articles signed by him at Astoria, upon the respondent vessel (then the steamship Luise Nielsen) of Norwegian nationality and under the ownership of B. Stolt Nielsen & Co., Inc., a corporation of the Kingdom of Norway.

C. Stang Anderson acting consul of Norway at Seattle was allowed to intervene and file exceptive allegations in which he protested against the court taking jurisdiction on the ground that it was a dispute between a member of the crew of a Norwegian vessel and the master and owners of said vessel and according to the ship's articles and the applicable law of Norway was a dispute to be decided by the Norwegian consul subject to appeal to the courts of Norway.

The District Court entered an order dismissing the libel which reads in part as follows:

" * * * The court having given consideration to the protest against jurisdiction being entertained in the above entitled cause, and libelant's response thereto, and having concluded that, in the exercise of its discretion, the court should not hear said cause upon the merits:

"Now Therefore, it is hereby ordered:

"(1) That said cause be, and the same hereby is dismissed. * * *"

A former libel was filed in the District Court of the United States for the District of Oregon on September 15, 1922, against the steamship Luise Nielsen based upon the same cause of action set forth in the libel in the case at bar. The vice consul of Norway at Portland, Or., was permitted to intervene in that suit and file exceptive allegations in which he protested against that court taking jurisdiction on the same grounds urged in the present suit. Amended pleadings were thereafter filed and on June 2, 1924, the District Court entered an order dismissing the libel in accordance with the prayer of the vice consul of Norway.

Between the time the first libel was dismissed by the District Court of the United States for the District of Oregon and the time the present libel was filed, the owner of the steamship Luise Nielsen sold that steamship to a Japanese company and her name has been changed to steamship Taigen Maru. However, the former Norwegian owner in making the sale to the present Japanese owner obligated itself to deliver said steamship "free from all debts and incumbrances," as a result of which obligation the former Norwegian owner is interested in the adjudication of any claims against said vessel in accordance with the Norwegian law in effect at the time such claim accrued. For this reason, C. Stang Anderson, acting consul of Norway, claims to be officially concerned.

On this appeal appellee argues, apparently for the first time, that the decree of the lower court dismissing the libel should be affirmed because the court was without jurisdiction to entertain the suit, and that it is not a case in which the District Court has even discretionary power to entertain the suit. It is well established that the question of jurisdiction of the trial court may be raised at any time and is not waived by failure to raise the issue in the trial court and, even in the absence of the question being raised by the parties, it is the duty of the appellate court to determine both its own jurisdiction and the jurisdiction of the trial court. Mansfield, C. & L. M. Ry. v. Swan, 111 U. S. 379, 4 S. Ct. 510, 28 L. Ed. 462; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Baltimore & O. R. Co. v. City of Parkersburg, 268 U. S. 35, 45 S. Ct. 382, 69 L. Ed. 834; Nixon v. Michaels (C. C. A.) 38 F.(2d) 420; Cyclopedia of Fed. Proc. vol. 6, § 2689.

All courts, state and national, must take judicial notice of and be governed by a treaty to which the United States is a party as a law of the land. U. S. v. Rauscher, 119 U. S. 407, 7 S. Ct. 234, 30 L. Ed. 425; Munich Reinsurance Co. v. First Reinsurance Co. of Hartford (C. C. A.) 6 F.(2d) 742; Daigle v. U. S. (C. C. A.) 237 F. 159; Lacroix Fils v. Sarrazin (C. C.) 15 F. 489. See, also, U. S. v. Reid, 73 F.(2d) 153, decided by this court October 15, 1934. At the time the alleged injuries were sustained by libelant, the Treaty of Commerce and Navigation 1827, between the United States and the kingdom of Sweden and Norway was in force and effect. The second para-

graph of article 13 of said treaty is as follows:

"The consuls, vice consuls, or commercial agents, or the persons duly authorized to supply their places, shall have the right, as such, to sit as judges and arbitrators in such differences as may arise between the captains and crews of the vessels belonging to the nation whose interests are committed to their charge, without the interference of the local authorities, unless the conduct of the crews, or of the captain, should disturb the order or tranquillity of the country; or the said consuls, vice consuls, or commercial agents should require their assistance to cause their decisions to be carried into effect or supported. It is, however, understood, that this species of judgment, or arbitration shall not deprive the contending parties of the right they have to resort, on their return, to the judicial authority of their country." (8 Stat. 346, 352.)

■ "In the absence of treaty stipulation, the courts of admiralty of the United States have jurisdiction of all matters appertaining to a foreign ship while in the ports of this country." Heredia v. Davies (C. C. A.) 12 F.(2d) 500, 501, and cases cited. In suits between foreigners it is discretionary with the court as to whether or not it will assume jurisdiction. Canada Malting Co., Ltd., v. Paterson Steamships, Ltd., 285 U. S. 413, 421, 52 S. Ct. 413, 76 L. Ed. 837.

■ Where treaty stipulations exist, however, with regard to the right of the consul of a foreign country to adjudge controversies arising between the master and the crew, or other matters occurring on the ship exclusively subject to the foreign law, such stipulations are the law of the land and must be fairly and faithfully observed. The Belgenland, 114 U. S. 355, 364, 5 S. Ct. 860, 29 L. Ed. 152; Wildenhus' Case, 120 U. S. 1, 17, 7 S. Ct. 385, 30 L. Ed. 565.

In The Rindjani (Adam v. Griep), 254 F. 913, 916, this court considered a similar case involving the treaty stipulations between the United States and the Netherlands. In that case the members of the crew were claiming transportation from San Francisco to Rotterdam based upon their claim that the voyage to San Francisco constituted a clear breach of the contract of shipment which entitled them to discharge at the latter city. After setting out the treaty provisions, this court stated:

"The provisions of article 11 of the convention, above set out, are in effect the same as those of article 10 of the treaty between the United States and the King of Prussia of May 1, 1828 (8 Stat. 382), which was the subject of consideration in The Elwine Kreplin, 9 Blatchf. 438, Fed. Cas. No. 4,426, in which case it was held that that treaty required that the matter then in dispute—a matter of wages in that case—was one for the determination of the consular officer, and that the United States courts had no jurisdiction of it.

"That ruling was followed by Judge Deady in the case of The Marie (D. C.) 49 F. 286, in the case of The Burchard (D. C.) 42 F. 608, in The Welhaven (D. C.) 55 F. 80, and in other cases there cited.

"Our conclusion is that the court below had no jurisdiction over the question as to the right of the libelants to transportation from San Francisco to Rotterdam. * * *"

In The Elwine Kreplin, Fed. Cas. No. 4,426, 9 Blatchf. 438, relied on by this court in The Rindjani, supra, the treaty stipulation between the United States and the King of Prussia was identical in terms with the treaty stipulation now under consideration. In The Marie (D. C.) 49 F. 286, 288, a case involving the same treaty stipulation now under consideration, Judge Deady stated:

"The treaty of 1827 is a law of that kingdom, and by it the consuls of that country are given exclusive jurisdiction of all 'differences'—controversies—between the captain and crew of a Norwegian vessel. This, in effect, forbids—disables—the libelant from resorting to any other tribunal for the settlement of such 'difference.' The treaty is also a law of the United States, and forbids this court from interfering in a case of a 'difference' between the master and crew of a Norwegian vessel."

The same conclusion was reached in The Welhaven (D. C.) 55 F. 80. See, also, The Ester (D. C.) 190 F. 216, 221.

The Burchard (D. C.) 42 F. 608, involved a dispute between the master and a member of the crew of a German vessel, and there too the court held that it was without jurisdiction of the suit in view of the treaty of December 11, 1871, with the German Empire. The same conclusion was reached in The Cambitsis (D. C.) 14 F.(2d) 236, where the dispute was between the master and a member of the crew of a Greek vessel. The provisions of the treaties with the German Empire and with Greece, in this connection, were substantially the same as those contained in the treaty of 1827 with Norway.

In The Eir (Persson v. Falsen), 60 F. (2d) 124, cited by appellant, the Circuit

Court of Appeals for the Fourth Circuit held in a suit brought by a Swedish seaman against a Norwegian steamship for injuries sustained while working on board as a member of her crew in a United States port that it was an abuse of discretion for the District Court to decline to take jurisdiction. The jurisdiction of the District Court in view of the treaty between the United States and Norway was not challenged, and both parties, as well as the court, apparently assumed that it was a matter within the discretion of the District Court.

The authorities we have cited lead us to the conclusion that the District Court was without jurisdiction to entertain the suit and the libel should have been dismissed for that reason rather than as an exercise of discretion.

In view of our conclusion that the District Court lacked jurisdiction of the suit, it becomes unnecessary to consider other points argued in the briefs.

Decree of the District Court dismissing the libel is affirmed, with costs to the appellee.