**REPUBLIC SUPPLY CO. OF CALIFORNIA v. RICHFIELD OIL CO. OF CALIFORNIA.**

**CITIES SERVICE CO. v. ARMSBY et al.***

**No. 7587.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 14, 1935.

*Rehearing denied April 1, 1935.

See, also, 4 F. Supp. 153.

Hill, Morgan & Bledsoe, Benjamin F. Bledsoe, Charles P. McCarthy, Elvon Musick, and Howard Burrell, all of Los Angeles, Cal., for appellant.

Alexander Macdonald and A. Stevens Halsted, Jr., both of Los Angeles, Cal., Colin C. Ives, of New York City, Jefferson P. Chandler, Leo S. Chandler, and Robert B. Murphey, all of Los Angeles, Cal. (Bauer, MacDonald, Schultheis & Pettit, of Los Angeles, Cal., Cravath, deGersdorff, Swaine & Wood, of New York City, and Chandler, Wright & Ward and Call & Murphey, all of Los Angeles, Cal., of counsel), for appellees.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order made in the consolidated equity receiverships of the properties of the Richfield Oil Company of California and the Pan American Petroleum Company. The value of the property is estimated at between $23,000,000 and $100,000,000. The bonded and unsecured indebtedness is very large, and exceeds the amount expected to be realized from the sale of the properties under the contemplated plan of reorganization. The appeal is taken from an order of the trial court assuming jurisdiction over and supervision of a plan of reorganization which involves the issuance of certificates in the nature of receipts by the reorganization committee. These certificates constitute securities within the meaning of the National Securities Act of 1933. That act excepts from its requirements securities issued in pursuance of a reorganization plan supervised by the court. Section 4, clause 3, Securities Act of 1933, c. 38 (48 Stat. 77), U. S. Stat. 73d Congress, 1st Session (see 15 USCA § 77d note). The object of the reorganization plan is to facilitate bidding at a public sale

to be subsequently held. The sale is required to be at public auction on notice, and will be subject to confirmation by the court. The first question which naturally suggests itself is whether or not such an order which does not conclude the litigation and is merely preliminary to a sale which must subsequently be ratified by the court is a final order from which an appeal is authorized by law. Jud. Code § 128 (28 USCA § 225). We called the attention of the parties to this question and requested briefs on the subject, which have been filed. Both parties earnestly request that this court assume jurisdiction and decide the merits of the controversy, but both recognize that the well-established rule prohibits this court from exercising jurisdiction where it has none. The parties cannot by consent confer such jurisdiction. American Brake Shoe & Foundry Co. v. N. Y. Rys. Co. (C. C. A.) 282 F. 523, 527. See, also, Chicago, B. & Q. Ry. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521. See, also, The Taigen Maru (Van Der Weyde v. Ocean Transport Co., Ltd.), 73 F.(2d) 922, decided by this court November 19, 1934.

It is contended by the parties that the order appealed from in some of its aspects is a final and appealable order. The parties recognize that the order in its scope is essentially an interlocutory order, but it is claimed that it settles substantive rights, and for that reason comes within the definition of final order, notwithstanding the fact that in its main features it is avowedly intended to be interlocutory only.

In the language of the appellant, one aspect in which it is claimed that the order is final and appealable is as follows: "That this order finally and definitely stamped with the status of an exempted transaction under the Securities Act the plan and all securities issued or to be issued under it. Nothing further remained to be done to finally adjudicate the exempt status of said plan and securities, and appellant would be absolutely bound by said adjudication if it did not appeal from it."

The question of whether or not the transaction involved is a violation of the Securities Act of 1933 (15 USCA § 77a et seq.) is a question which rests primarily between the government and those issuing the depositary certificates. If the transaction is pursuant to a bona fide reorganization supervised by the court within the meaning of the Securities Act of 1933, then the issuance of the depositary certificates is exempted under the terms of the act; if it is not, then the order of the court cannot make it valid, and there must be compliance with the act. Bondholders who deposit their bonds with the committee and receive certificates of deposit in pursuance of the agreement are not affected by the order except in so far as per se it is a supervision of reorganization within the meaning of the Securities Act of 1933.

The other aspect in which appellant claims the order is final and appealable is that it in effect approved and ratified the demand of the bondholder's committee for the payment of $15 per $1,000 of bonds as a condition precedent to the withdrawal by the depositing bondholders of securities deposited with the committee and the exercise of their right not to participate in the plan. The claim then is that this order actually fixes the amount of $15 per $1,000 of bonds as the price of withdrawal, and therefore to that extent is a final order. The obvious answer to this claim is that the deposit of securities under the plan is purely voluntary, and one feature of the agreement between the committee and the depositing bondholder is that as a condition precedent to his withdrawal of deposited securities the bondholder is required to pay "a fair contribution, as determined by the committee, toward the compensation, disbursements and expenses of the committee, but not exceeding for such compensation, disbursements and expenses $1\frac{1}{2}\%$ of the aggregate principal amount of the deposited securities." The court in its order merely authorized the reorganization committee to send the form of letter and notice attached as exhibits to the verified petition to the bondholders in substantially the same form contained in said exhibits or in any form which may hereafter be approved by the court. In the letter attached as an exhibit to the petition it was stated that upon withdrawal of deposited securities the bondholder shall pay $15 for each $1,000 of bonds withdrawn as his pro rata contribution, as determined by the committee, toward the compensation, disbursements, and expenses to date of the committee. This obviously is not a final order from which an appeal can be taken by a bondholder who has not even challenged the reasonableness of the sum fixed by the committee.

We think it too clear for either argument or the citation of authorities that the

order appealed from is essentially interlocutory in character and does not purport to be final in any aspect, and is therefore not appealable. That this was the view of the trial judge is clear from clause 8 of the order appealed from, in which the court reserves jurisdiction, and which is as follows: "That the Court hereby reserves jurisdiction to make such further orders as may from time to time be necessary or advisable in connection with supervising said reorganization provided by said plan and agreement of reorganization and the issuance of securities pursuant thereto, including the issuance of certificates of deposit and receipts, and without limiting the generality of the foregoing reservation of jurisdiction the court hereby further specifically reserves jurisdiction, in the event a bid is made by said Reorganization Committee at the equity and foreclosure sales herein and such bid is returned as apparently the best bid, to determine upon' application for confirmation of said sales whether the return to Richfield and Pan American Bondholders and Richfield Unsecured Creditors under and pursuant to said plan and agreement of reorganization is adequate at that time and commensurate with the fair value of the properties of Richfield and Pan American which are subject to said plan, all conditions considered, and to determine at said time or other time to be fixed, whether the division proposed to be made, as set forth in said plan and agreement of reorganization, to the Richfield and Pan American Bondholders and Richfield Unsecured Creditors is fair and equitable; and also specifically reserves jurisdiction to pass upon and determine the reasonableness of the charges to be made by the Deposit Committees and by said Reorganization Committee for expenses and compensation for services for themselves, their counsel and employees."

In support of the conclusion we have reached we cite the following cases without discussion: Rector v. U. S. (C. C. A. 8) 20 F.(2d) 845; Crooker v. Knudsen (C. C. A. 9) 232 F. 857; Rubaiz v. Tucson Gas, etc., Co. (C. C. A. 9) 280 F. 267; Morgan v. Thompson (C. C. A.) 124 F. 203; Parsons v. Robinson, 122 U. S. 112, 7 S. Ct. 1153, 30 L. Ed. 1122; Guarantee Co. v. Mechanics' Sav., etc., Co., 173 U. S. 582, 19 S. Ct. 551, 43 L. Ed. 818; Rexford v. Brunswick-Balke-Collender Co., 228 U. S. 339, 33 S. Ct. 515, 57 L. Ed. 864; Miller v. Pyrites Co. (C. C. A. 4) 71 F.(2d) 804.

Appeal dismissed.