**THE WIND.**

**No. 51.**

District Court, E. D. Pennsylvania.

March 31, 1938.

884

Leslie C. Krusen, of Philadelphia, Pa., for libelant.

Philip Dorfman, of Philadelphia, Pa., for respondents.

Before DICKINSON, WELSH, and MARIS, District Judges.

MARIS, District Judge.

A libel has been filed in this case seeking a decree requiring the respondents to leave the motor vessel Wind and directing the delivery thereof to libelant. The respondents have moved to dismiss the libel upon the ground that this court is without jurisdiction to entertain it.

The libel avers that libelant is the master of the Norwegian motor vessel Wind, and that respondents are former members of the crew; none of them being citizens of the United States. It is further averred that on October 13, 1937, respondents signed Norwegian articles of agreement before the vice consul for Norway at Mobile, Ala., under which they agreed to serve in their respective capacities on a voyage from Mobile, Ala., to Japan, and return, and pursuant to said articles the vessel proceeded to Japan, and returned to the United States at the completion of the voyage. On March 6, 1938, in accordance with Norwegian law, and with the provisions of the articles, the master served upon the members of the crew a notice that they would be paid off and discharged upon arrival at the port of destination in the United States. The Wind arrived at Philadelphia, on March 15, 1938, with a cargo of sugar; part of which was destined to be discharged in Philadelphia, and the balance was to be discharged at New York.

The libel further avers that upon arrival here respondents notified libelant that they would not proceed with the ship to New York. Libelant thereupon notified respondents to go to the Norwegian consulate at Philadelphia and receive their pay and discharges, which respondents failed and refused to do. Thereafter, the consul at Philadelphia for Norway took jurisdiction over the matter and, upon hearing the facts, decided that the term of service of said men under said articles had expired, and that they should be discharged and should leave the vessel, and said consul personally went aboard the Wind on March 16, 1938, and so advised respondents. Nevertheless, respondents failed and refused to vacate the vessel, and have since continued in such refusal. The consul for Norway thereupon appealed to the mayor and superintendent of police of the city of Philadelphia for assistance in enforcing his orders, which assistance has been refused.

The libel further avers that the vessel is loaded with a valuable cargo which will deteriorate and be damaged unless it is promptly discharged at its destined port of New York, and that because of the presence of respondents aboard it is impossible to obtain a new crew, and any effort on the part of the master and his officers to evict the men would result in violence and breach of the peace. The request of the consul of Norway at Philadelphia to this court to assume jurisdiction of the case is annexed to the libel.

It is the contention of the respondents that the averments of the libel disclose a controversy, exclusive jurisdiction of which is conferred upon the Norwegian consul at Philadelphia by the express provisions of article 22 of the Treaty of 1932 between United States and Norway, 47 Stat. 2152. The treaty provisions referred to are as follows:

"Article XXII.

"A consular officer shall have exclusive jurisdiction over controversies arising out of the internal order of private vessels of his country, and shall alone exercise jurisdiction in cases, wherever arising, between officers and crews, pertaining to the enforcement of discipline on board, provided the vessel and the persons charged with wrongdoing shall have entered a port within his consular district. Such an officer shall also have jurisdiction over issues concerning the adjustment of wages and the execution of

contracts relating thereto provided, however, that such jurisdiction shall not exclude the jurisdiction conferred on local authorities under existing or future laws. * * *

"A consular officer may freely invoke the assistance of the local police authorities in any matter pertaining to the maintenance of internal order on board of a vessel under the flag of his country within the territorial waters of the State to which he is appointed, and upon such a request the requisite assistance shall be given."

 It is well settled that where treaty stipulations exist between the United States and the country to which a foreign ship belongs, with regard to the right of the consul of that country to adjudge controversies arising between the master and crew, or other matters occurring on the ship exclusively subject to the foreign law, such stipulations are the law of the land and must be fairly and faithfully observed. The Belgenland v. Jensen, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; Wildenhus's Case, 120 U.S. 1, 7 S.Ct. 385, 30 L.Ed. 565. It follows that where such a treaty confers upon the foreign consul exclusive jurisdiction over such a controversy a court of admiralty of the United States is without jurisdiction to adjudicate it. The Elwine Kreplin, 9 Blatchf. 438, Fed.Cas.No.4,426; The Burchard, D.C., 42 F. 608; The Marie, D.C., 49 F. 286; The Welhaven, D.C., 55 F. 80; The Bound Brook, D.C., 146 F. 160; The Ester, D.C., 190 F. 216, 226.

 This brings us to the question whether the averments of the present libel disclose a controversy within the exclusive jurisdiction of the Norwegian consul under the provisions of the treaty. As we have seen, those provisions confer upon him exclusive jurisdiction "over controversies arising out of the internal order of private vessels of his country," and direct that he alone shall "exercise jurisdiction in cases, wherever arising, between officers and crews, pertaining to the enforcement of discipline on board." We think that the libel clearly discloses a controversy arising out of the "internal order" of a Norwegian private vessel, and that this is a case "between officers and crews, pertaining to the enforcement of discipline on board." Certain it is that the suit is brought by the master as libelant against the members of his crew as respondents, and that the controversy between them arises as a result of the refusal of the crew to obey the master's orders to proceed with the ship from the port of Philadelphia to New York where they were to be paid off and discharged. Nothing could be more clearly a breach of internal order and discipline on board ship than the refusal of the members of the crew to obey the master's orders to perform their duties incident to the navigation of a vessel from an intermediate port of call to its port of destination, to which under their articles they were obligated to take her. We therefore conclude that the controversy disclosed by the libel in the present suit is a controversy within the exclusive jurisdiction of the Norwegian consul at Philadelphia, and that this court accordingly has no jurisdiction of the case.

Our conclusion is fortified by the fact, disclosed in the libel, that the Norwegian consul at Philadelphia has actually taken jurisdiction of the controversy and has proceeded to adjudicate it. The fact that he is unable, because of the failure of the Kingdom of Norway to make similar provision for the execution of the treaty in favor of the United States, to invoke the aid of this court under sections 4079, 4080, and 4081, R.S., as amended, 22 U.S.C. §§ 256, 257, 258, 22 U.S.C.A. §§ 256–258, in carrying out his adjudication cannot operate to confer upon this court jurisdiction of which it has been expressly deprived by a valid subsisting treaty. Nor can the refusal of the local police authorities to assist the consul, as by the express terms of the treaty they are required to do, confer such jurisdiction upon us. The responsibility for the consequences, as Judge Smith said in The Ester, supra, "rests upon the lawmaking, not the judicial, department of the government."

The libel is dismissed for want of jurisdiction.

DICKINSON, District Judge (dissenting).

Several questions were pressed at the argument of this case. The view taken by the majority has reduced them to one. That is the question of the jurisdiction of this court to judicially act. The allowance of the motion to dismiss is based upon the proposition that the treaty between the United States and Norway gives ex-

clusive jurisdiction to the Norway consul, and that he alone may act. This is said to exclude the jurisdiction of the courts of the United States. The motion is restricted to the averments of the libel. These are in effect that the respondents have taken possession of the vessel and are holding it by virtue of no law other than the good old Rob Roy rule of physical power. No one would pretend justification of the acts of the respondents, except the justification that the members of one labor union have the right to employment as the crew of the vessel to the exclusion of the members of another union. Except for this, the acts of the respondents must be admitted to be plain piracy. The libel, at least in form, has a purely possessory purpose. It raises the question of title to a vessel. Admiralty clearly has jurisdiction in such cases. The fact, if it be one, that the interested parties are aliens does not, in itself, oust the jurisdiction of the courts. The question thus becomes whether the treaty forbids its exercise. There is an allowable distinction between jurisdiction and its exercise. The treaty undoubtedly in the case of foreign ships remits certain types of disputes to the arbitrament of the foreign consul concerned. His jurisdiction is referred to as exclusive, and its exercise is committed to him alone. The concluding language of the treaty provision, however, is that it shall not interrupt the jurisdiction of the courts under local laws. The provision is the one usually in treaties. The construction given to it has always been that of an extension of the doctrine of comity applied by the courts of concurrent jurisdiction. When the consul assumes jurisdiction, the courts refrain from its exercise. The question thus divides itself into two: First, does the court have jurisdiction; secondly, should it exercise it. To hold in this case that the court does not have jurisdiction is to hold that a foreign vessel may be seized by any one, and that the law affords no redress to the owner, unless the foreign law allows one. We grant that if the process of the courts interferes with the exercise of the jurisdiction conferred by treaty upon the foreign consul, the courts should not assert their jurisdiction. There is no such interference here, however. The consul expressed his acquiescence in the exercise of the jurisdiction of this court.

I would deny the motion to dismiss.