## THE S. S. EMMY.

District Court, S. D. New York.
March 18, 1940.

Paul C. Matthews, of New York City, for libellant.

Frederick H. Cunningham, of New York City, for respondent.

COXE, District Judge.

This is a motion by the respondent for a dismissal of the libel on jurisdictional grounds. The suit is by a seaman for damages for personal injuries alleged to have been sustained on December 23, 1939, while working as a fireman on the S. S. Emmy owned and operated by the respondent.

The libel alleges that the S. S. Emmy is a merchant ship, flying the Greek flag, with its registered home port at Cephalonia, Greece; that the libellant is a resident of the United States, and was employed as a fireman on the vessel at Trenton, N. J., for a voyage to Philadelphia, Pa., and thence to Norfolk, Va.; and that he was seriously injured on Dec. 23, 1939, by falling through an open hole in the starboard bunker of the vessel.

The affidavits submitted on behalf of the libellant show that he is an Italian, who has resided since 1920 in the United States. He served in the United States Army in 1927 and 1928, receiving an honorable discharge on March 12, 1928, and in 1937 filed his first papers for naturalization as a United States citizen. He was hired by the captain of the S. S. Emmy at Trenton on December 21, 1939, for a voyage to Philadelphia and Norfolk, and thence to New York, where he was to be discharged. The injury took place on December 23, 1939, as the vessel was proceeding from Trenton to Philadelphia.

The respondent makes two contentions in support of the motion, namely, (1) that under the treaty between the United States and Greece, entered into in 1902, this court is without jurisdiction to adjudicate the libellant's claim, and (2) that the court should decline to assume jurisdiction in the exercise of its discretionary power.

The 1902 treaty with Greece provides in Article 12 as follows: "Consuls-general, consuls, vice-consuls and consular agents shall have exclusive charge of the internal order of the merchant vessels of their nation and shall alone take cognizance of differences which may arise either at sea or in port between the captains, officers and crews, without exception, particularly in reference to the adjustment of wages and the execution of contracts". 33 Stat. 2129.

Similar treaty stipulations have been held to exclude jurisdiction over wage controversies. The Marie, D.C., 49 F. 286, The Salomoni, D.C., 29 F. 534. There is, however, a conflict as to whether the word "differences" is sufficiently broad to cover a tort. The Salomoni, supra, and The Baker, D.C., 157 F. 485, held that it is not; The Ester, D. C., 190 F. 216, and Simpson

v. Hamburg-American Line, 1939 A.M.C. 1469, that it is. I do not think that the word in the context in which it is used applies to a tort. The contention of the respondent that the court is without jurisdiction is, therefore, overruled.

The remaining contention concerns the discretion of the court, and needs little comment. It is quite true that the libellant is an alien, but he has been in the United States for 20 years, and has now applied for citizenship. He joined the vessel for a short voyage along the Atlantic Coast, and was to have been discharged on the return of the vessel to New York. He was injured on the short run from Trenton to Philadelphia two days after he was employed. He has never been in Greece, does not speak the language, the witnesses are here, and it would be a clear denial of justice if he were required to go to Greece to litigate his claim.

The motion of the respondent to dismiss the libel is denied.