## SZANTI v. TERYAZOS.

### THE LEONTIOS TERYAZOS.

#### No. A–16140.

District Court, E. D. New York.
May 21, 1941.

Philip F. Di Costanzo, of Brooklyn, N. Y., for libellant.

Frederick H. Cunningham, of New York City, for respondent, appearing specially and not generally for the purpose of this motion.

MOSCOWITZ, District Judge.

This is a motion to decline jurisdiction. This is a case of great hardship both to the libellant and the respondent.

The libellant, a citizen of Hungary, became employed as a seaman on the steamship Leontios Teryazos on or about February 12, 1940, while the vessel was at Genoa, Italy. The libellant was injured on the vessel at Staten Island, New York, on March 21, 1940. According to his affidavit his injuries are of a serious nature. He states they have been diagnosed as "cerebral concussion, traumatic encephalopathy, and external hydrocephalus". He further states that he is unable to walk about the streets by himself but must be accompanied by some other person.

Prior to libellant's injuries he resided all of his life in the Kingdom of Hungary. He has never resided in Greece and does not understand or speak the Greek language. He is without funds and is living on aid and assistance which he is receiving from his friends in the City of New York. It appears he has no financial means to travel to Greece. Even if he had the means it would be impossible for him to reach Greece.

It appears from the affidavit of the proctor for the respondent that the steamship Leontios Teryazos is no longer in this jurisdiction and it will probably not return here. The proctor for the respondent states that it will be a matter of great difficulty, if at all possible, to obtain testimony in respect to this claim, even though under order for the issuance of commissions.

■ Judge Coxe, in the case of Gambera v. S. S. Emmy, D.C., 39 F.Supp. 871, has decided that the treaty between the United States and Greece made in 1902 does not apply to tort actions. The essential portion of the treaty, Article 12, is as follows: "Consuls-general, consuls, vice-consuls and consular agents shall have exclusive charge of the internal order of the merchant vessels of their nation and shall alone take cognizance of differences which may arise either at sea or in port between the captains, officers and crews, without exception, particularly in reference to the adjustment of wages and the execution of contracts." 33 Stat. 2122, 2129. Judge Gardner, in the case of Simpson v. Hamburg-American Line (Canal Zone) 1939 A.M.C. 1469, held contrary to Judge Coxe.

When you consider the use of the word "differences" as mentioned in the treaty together with the context "particularly in reference to the adjustment of wages and the execution of contracts", it would not appear that the purpose of this treaty was to include tort actions. If that had been the intention of the treaty it could have been stated in clear and precise language, but this treaty intended to cover the ordinary differences which arise at sea, such as living quarters, disputes among the men, disputes with officers, wages, contracts and innumerable other such matters.

■ Even if the language of the treaty were ambiguous, which it is not, the construction should not be such as to favor lack of jurisdiction in this Court. The Court upon the trial of the action can safeguard the interest of the libellant and respondent, it may adjourn the trial or give such further time as may be necessary to procure testimony of witnesses as it should deem desirable in order to protect the rights of both parties, or give such other relief as it desires. It may be that at the time of the trial, conditions in Greece may be such as to permit depositions to be taken or witnesses may be produced in this Court on behalf of the respondent. Such matters can be determined by the Judge presiding at the trial.

Motion to decline jurisdiction will be denied, with leave to renew on the trial of the action.